**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| MARY MITCHELL, )<br>on behalf of herself and the class defined )<br>herein, )<br>　　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　　　　　　)　　2:12-cv-00523-TLS-APR<br>　　　vs. )<br>　　　　　　　　　　　　　　　　　　　　　)<br>LVNV FUNDING, LLC; )<br>RESURGENT CAPITAL SERVICES, L.P.; and )<br>ALEGIS GROUP, LLC; )<br>　　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　Defendants. ) | |

## SECOND AMENDED COMPLAINT – CLASS ACTION

### INTRODUCTION

1.　　Plaintiff Mary Mitchell bring this action to secure redress from unlawful collection practices engaged in by defendants LVNV Funding, LLC ("LVNV"), Resurgent Capital Services, L.P. ("Resurgent") and Alegis Group, LLC ("Alegis"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.　　The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### VENUE AND JURISDICTION

3.　　This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 (general federal question), 28 U.S.C. §1337 (interstate commerce), and 28 U.S.C. §1367 (supplemental jurisdiction).

4.　　Venue and personal jurisdiction in this District are proper because:

　　　a.　　Defendants' collection communications and activities impacted plaintiffs within this District;

1

    b.  Defendants do or transact business within this District.

## PARTIES

  5.  Plaintiff Mary Mitchell is an individual who resides in the Northern District of Indiana.

  6.  Defendant LVNV is a limited liability company with offices at 200 Meeting Street, Suite 206, Charleston, SC, 29401 and 625 Pilot Rd., Ste. 3, Las Vegas, NV 89119.  It does or transacts business in Indiana.  Its registered agent and office is CT Corporation System, 251 E. Ohio St., Ste. 1100, Indianapolis, IN  46204, and 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

  8.  Defendant LVNV is engaged in the business of purchasing allegedly defaulted debts originally owed to others and incurred for personal, family or household purposes.

  9.  Defendant LVNV pays an average of less than ten cents on the dollar for the debts it purchases.

  10.  Defendant LVNV then attempts to collect the purchased debts by filing suits on them.

  11.  Defendant LVNV has been the plaintiff in more than 1,200 collection lawsuits that have been pending in Illinois and Indiana during the year prior to the filing of this action.

  12.  Defendant LVNV regularly uses the mails and telephones in the process of collecting the debts it purchases.

  13.  Defendant LVNV is a "debt collector" as defined in the FDCPA.

  14.  Defendant Resurgent is a limited partnership entity with offices at 200 Meeting Street, Suite 206, Charleston, SC 29401.  It does or transacts business in Indiana.  Its registered agent and office is CT Corporation System, 251 E. Ohio St., Ste. 1100, Indianapolis, IN 46204, and 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

15. Defendant Resurgent operates a collection agency.

16. Defendant Resurgent holds one or more collection agency licenses.

17. Defendant Resurgent uses the mails and telephones to collect debts originally owed to other entities.

18. Defendant Resurgent is a debt collector as defined in the FDCPA.

19. Defendant Alegis Group, LLC is a limited liability company with offices at 200 Meeting Street, Suite 206, Charleston, SC, 29401. It is the sole general partner of Resurgent. As such, the acts of Resurgent are attributed to it.

### RELATIONSHIP BETWEEN LVNV AND RESURGENT

20. Notwithstanding the substantial volume of collection activity in which it engages, LVNV Funding LLC claims that it has no employees. (Statement of Material Facts filed as document no. 69 in Randall v. Nelson & Kennard, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010)).

21. All actions taken in the name of LVNV are in fact taken by Resurgent, pursuant to a written agreement and power of attorney that LVNV has executed in favor of Resurgent. (Statement of Material Facts filed as document no. 69 in Randall v. Nelson & Kennard, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010)).

22. Defendant LVNV has stated on its Web site, www.lvnvfunding.com, that "LVNV Funding purchases portfolios of both domestic (U.S.) and international consumer debt from credit grantors including banks, finance companies, and other debt buyers. As the new owner of any debt purchased from the original creditor or from another debt buyer, LVNV Funding's name may appear on a customer's credit bureau, or in a letter from a collection agency if the account is delinquent."

23. Defendant LVNV has also stated on its Web site that "All capital markets and business development activities are handled internally, while the management of purchased assets is outsourced to a third-party specializing in the management of these types of consumer

assets, Resurgent Capital Services LP (Resurgent). Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers, and has been hired by LVNV Funding to perform these services on its behalf. Resurgent, a licensed debt collector, may perform these activities directly, or in many cases, will outsource the recovery activities to other specialized, licensed collection agencies. If you are a customer, please direct your inquiries to the firm currently working your account."

24. The above statements continue to describe the relationship between LVNV and Resurgent.

25. Defendants Resurgent and LVNV are under common ownership and management. Both are part of the Sherman Financial Group.

26. On information and belief, based on the Resurgent web site and statements in the Statement of Material Facts filed as document no. 69 in Randall v. Nelson & Kennard, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010), defendant Resurgent directed the collection activity complained of herein even though it was taken in the name of LVNV.

### FACTS

27. Defendants LVNV Funding and Resurgent have been attempting to collect from plaintiff Mary Mitchell a credit card account incurred for personal, family or household purposes and not for business purposes.

28. Any alleged default on the account occurred prior to February 2006.

29. On or about January 30, 2012, Capital Management Services, L.P., employed by LVNV Funding sent Mitchell the letter attached as Exhibit A.

30. The statute of limitations on a credit card in Indiana is 6 years and in Illinois is 5 years.

31. Defendants LVNV Funding and Resurgent regularly seek to collect credit card bills.

32. Capital Management Services, L.P., regularly sends letters in the form

4

represented by Exhibit A, both on behalf of LVNV and Resurgent and other debt buyers.

33. Exhibit A is a form letter which Capital Management Services, L.P. regularly sends to debtors.

34. Plaintiff disputes the alleged debt.

35. Nothing in Exhibit A disclosed that the debt was barred by the statute of limitations.

36. Nothing in Exhibit A disclosed the date of the transactions giving rise to the claimed debt.

37. Exhibit A offers a settlement, thereby implying that LVNV Funding could decide to sue.

38. In fact, no suit is legally permissible because of the statute of limitations.

39. It is the policy and practice of defendants LVNV Funding and Resurgent to cause letters such as Exhibit A seeking to collect time-barred debts to be sent to debtors.

## FACTS- GENERAL

40. The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm)  The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States of America (For the Federal Trade Commission)  v. Asset Acceptance, LLC,* Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

41. On October 1, 2012,  the Consumer Financial Protection Bureau, which has taken over much of the FTC's enforcement responsibility and has been granted rule-making authority with respect to debt collection, the Federal Deposit Insurance Corporation, the Federal

5

Reserve Board, and the Office of the Comptroller of the Currency entered into consent orders with three American Express-related entities requiring disclosure that debts they attempt to collect were time-barred.  2012-CFPB-0002; 2012-CFPB-0003; 2012-CFPB-0004.   The orders require that "the Bank shall continue to provide disclosures  concerning the expiration of the Bank's litigation rights when collecting debt that is barred by the applicable state statutes of limitations . . . ."  (2012-CFPB-0002, p. 6 of 35, 2012-CFPB-0003, p. 5 of 28).

42. Thus, five agencies have entered into four consent decrees explicitly based on the duty-to-disclose theory advanced by plaintiffs here.

43. The October 1, 2012 orders further require disclosure of "all material conditions, benefits and restrictions concerning any offer of settlement. . . ." (2012-CFPB-0002, p. 7 of 35, 2012-CFPB-0003,  p. 6 of 28).  Thus, they recognize that "settlement offers" that fail to disclose material information may be misleading.

44. The Seventh Circuit held that attempting to collect a time-barred debt without disclosure that the debt is legally unenforceable is a clear violation of the FDCPA.  *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014).

### COUNT I  – FDCPA  – CLASS CLAIM

45. Plaintiff Mary Mitchell incorporates paragraphs 1-44.

46. This claim is brought by Mitchell against defendants LVNV Funding, Resurgent, and Alegis.

47. Defendants engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by causing its agents to send consumers collection letters that contain settlement offers on time-barred debts without disclosure of the fact that the debt is time-barred.

48. Section 1692e provides:

> **§ 1692e.    False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading**

6

>representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
>>**(2)** The false representation of--
>>
>>>**(A)** the character, amount, or legal status of any debt; . . .
>>
>>**(5)** The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .
>>
>>**(10)** The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . ..

49. Section 1692f provides:

>**§ 1692f.** Unfair practices [Section 808 of P.L.]
>
>A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .

### CLASS ALLEGATIONS

50. Plaintiff Mitchell brings this claim on behalf of a class and a subclass pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

51. The Class consists of (a) all individuals with addresses in Indiana or Illinois (b) to whom LVNV, Resurgent, or any debt collector employed by LVNV or Resurgent (c) sent a letter seeking to collect (d) a credit card debt on which the last payment had been made more than five years (Illinois residents)  or six years (Indiana residents) prior to the letter (e) which letter was sent on or after (i) one year prior to the filing of this action in the case of Indiana residents or (ii) February 28, 2011 in the case of Illinois residents[1] and (f) on or before January 7, 2013 (g) where the individual after receipt of the letter, (i) made a payment, (ii) filed suit, or (iii) responded by requesting verification or contesting the debt.  The subclass of the LVNV Class includes class members who were sent Exhibit A.

52. Illinois residents who fall within the revised class definitions in *McMahon*

---

[1] One year prior to the filing of *McMahon v. LVNV*, 1:12-cv-01410 (N.D.Ill.).

*v. LVNV Funding, et al,* 12-cv-1410 (N.D. Ill.) are specifically excluded from the class.

53. On information and belief, the class is so numerous that joinder of all members is not practicable.

54. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are (a) whether defendants attempt to collect time-barred debts without disclosure of that fact, (b) whether Exhibit A is misleading without disclosure of the time-barred nature of the debt, and (c) whether such practice and letter violates the FDCPA.

55. Plaintiff Mitchell's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

56. Plaintiff Mitchell will fairly and adequately represent the class members. Mitchell has retained counsel experienced in class actions and FDCPA litigation.

57. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    a. Members of the classes are likely to be unaware of their rights;

    b. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff Mitchell and the class members and against defendant LVNV Funding, Resurgent and Alegis for:

    (1) Statutory damages;

    (2) Actual damages, including all amounts paid on time-barred debts;

    (3) Attorney's fees, litigation expenses and costs of suit;

    (4) Such other and further relief as the Court deems proper.

                                              <u>s/Daniel A. Edelman</u>
                                              Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
      & GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\27474\Pleading\Second Amended Complaint_Pleading.wpd

9

## **NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

>                             s/Daniel A. Edelman
>                             Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## **CERTIFICATE OF SERVICE**

      I, Daniel A. Edelman, hereby certify that on May 29, 2015, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system, which sent notification of such filing to the following parties:

David M Schultz
dschultz@hinshawlaw.com

Jennifer W Weller
jweller@hinshawlaw.com

Nabil G Foster
nfoster@hinshawlaw.com

Patrick P Devine
pdevine@hinshawlaw.com

                                                  s/Daniel A. Edelman
                                                  Daniel A. Edelman