# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| MARY MITCHELL on behalf of plaintiff and the class defined herein, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO.: 2:12-CV-523-TLS |
| LVNV FUNDING, LLC; RESURGENT CAPITAL SERVICES, L.P., and ALEGIS GROUP LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

The Plaintiff, Mary Mitchell, has brought this putative class action against Defendants LVNV Funding, LLC (LVNV), Resurgent Capital Services, L.P. (Resurgent), and Alegis Group LLC (Alegis), asserting violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692e and 1692f, arising out of dunning letters sent to the Plaintiff and the proposed class. On November 10, 2015, the Court granted class certification pursuant to Federal Rule of Civil Procedure 23(b)(3). The class is defined as:

    (a) all individuals with addresses in Indiana or Illinois
    (b) to whom LVNV, Resurgent, or any debt collector employed by LVNV or Resurgent
    (c) sent a letter seeking to collect
    (d) a credit card debt on which the last payment had been made more than five years (Illinois residents) or six years (Indiana residents) prior to the letter
    (e) which letter was sent on or after
        (i) December 17, 2012 in the case of Indiana residents or
        (ii) February 28, 2011 in the case of Illinois residents and
    (f) on or before January 7, 2013
    (g) where the individual after receipt of the letter,
        (i) made a payment,
        (ii) filed suit, or
        (iii) responded by requesting verification or contesting the debt.

A subclass was certified for those class members who received a copy of the letter attached as

Exhibit A to the Second Amended Complaint.

On November 24, 2015, the Defendants filed a Motion for Reconsideration [ECF No. 90]. The Defendants argue that individual issues of causation will predominate over class issues; specifically, the individualized determinations as to why a particular class member made a payment or took other action in response to the offers of settlement. The Defendants assert that a series of mini-trials will be needed to determine class membership. The Defendants also contend that the Court's proposed solution to handling the question of causation with respect to actual damages—through the use of interrogatories— was not raised by the parties' briefs and would deprive them of their due process rights.

In her Response to the Defendants' Motion for Reconsideration [ECF No. 92], the Plaintiff maintains that the proposed solution was discussed, and that the solution does not deprive the Defendants the opportunity to challenge each class member's claim to recovery during the damages phase. Additionally, and more importantly, the appropriateness of certifying the class was recently confirmed by the Seventh Circuit in a case that raised the same issues that are presented here. *See McMahon v. LVNV Funding, LLC*, 807 F.3d 872, 873 (7th Cir. 2015) (holding that the district court's decision to deny class certification was erroneous and thus remanding to the district court for further proceedings on the class allegations).

This Court agrees that *McMahon* is dispositive. Like the Plaintiff here, the plaintiff in *McMahon* filed suit under a theory that LVNV violated the FDCPA when it sent dunning letters containing language that would mislead an unsophisticated consumer into believing that a time-barred debt was legally enforceable. 807 F.3d at 873–74. The plaintiff sought to certify a class of individuals who had received the letters and taken action by making a payment, filing suit, or

requesting verification or contesting the debt. *Id.* at 874. The district court denied class certification for a failure to satisfy Rule 23(b)(3), which requires "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Id.* at 874–75.

> In particular, the court held that issues common to the class did not predominate over issues affecting individual class members. It based this conclusion on the fact that the proposed class includes persons seeking actual damages—namely, those who paid a part of the debt after receiving a dunning letter—and that the case therefore eventually would involve issues of individual causation and damages. The court stated that even if "the amount of damages due each class member is 'capable of ministerial determination,' causation, i.e., determining whether class members paid the debt because of the letter, out of moral compulsion, or for some other reason, is not." And given that the proposed class was estimated to have 3,000 members, the court continued, "the individual issues will dwarf the issues common to the class, making this case unsuitable for class certification."

*Id.* at 875.

On appeal, the court found that the district court's analysis was inconsistent with Seventh Circuit decisions because it "suggest[ed] that the existence of individual issues of causation automatically bars class certification under Rule 23(b)(3)." *Id.* The court noted that, while proximate cause was an individual issue, the need for individual proof alone does not necessarily preclude class certification. *Id.* The court cited the established procedure of bifurcating a case into a liability phase and a damages phase if necessary. *Id.* at 876 (citing *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 671 (7th Cir. 2015), *Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 800 (7th Cir. 2013), and Rule 23(c)(4)); *see also Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004) ("Rule 23 allows district courts to devise imaginative solutions to problems created by the presence in a class action litigation of individual damages issues."). Importantly,

3

membership in the class itself would not require inquiry into any subjective states of mind of the individual class members. *Id.*

Likewise here, a determination of actual damages alone does not mean that individual questions will predominate over common questions. The class is defined as those persons who received the dunning letter and then responded or paid on time-barred debts. As this Court stated when it certified the class, this is an objective fact that does not turn on an individual's subjective state of mind. No interrogatories are needed to identify class members. No series of mini-trials will be needed to determine class membership.

Whether an interrogatory—or some other method of discovery or proof—is used at the damages phase, the Defendants will have an opportunity to present their defenses and dispute proximate causation. Class members seeking actual damages will be required to prove individual issues of causation and damages, and the Defendants will have a due process right to challenge the Plaintiff's evidence at any stage. The precise manner of proving causation, and the challenges thereto, are an issue for another day, as they do not preclude class certification. *McMahon*, 807 F.3d at 875; *see also Mullins*, 795 F.3d at 670 ("The due process question is not whether the identity of class members can be ascertained with perfect accuracy at the certification stage but whether the defendant will receive a fair opportunity to present its defenses when putative class members actually come forward."). Even if a reason apart from the deceptive or confusing content of the letters is found to be a basis for payment, those class members would still be entitled to recover statutory damages. *See* 15 U.S.C. § 1692k. Despite individualized issues that may exist related to damages, adjudicating the legal issue—whether the letters violate the FDCPA—will significantly advance the litigation and achieve economies

of time and expense.

The Court does not find that any of the Defendants' arguments warrant reconsidering its Order and decertifying the class.

## CONCLUSION

For the reasons stated above, the Defendant's Motion for Reconsideration [ECF No. 90] is DENIED. The parties are directed, by February 5, 2016, to file a notice of agreed, proposed deadlines for filing summary judgment motions and producing the class list.

SO ORDERED on January 25, 2016.

                                              s/ Theresa L. Springmann
                                              THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT
                                              FORT WAYNE DIVISION