**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| MARY MITCHELL, on behalf of herself and all other class members, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:12-CV-523-TLS |
| | ) | |
| LVNV FUNDING, LLC; RESURGENT CAPITAL SERVICES, L.P.; and ALEGIS GROUP, LLC, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on three matters: (1) the Amended Motion for Summary Judgment [ECF No. 142], filed by Plaintiff Mary Mitchell on behalf of herself and all other class members; (2) the Cross Motion for Summary Judgment [ECF No. 139], filed by Defendants LVNV Funding, LLC (LVNV), Resurgent Capital Services, L.P. (Resurgent), and Alegis Group, LLC (Alegis); and (3) the Defendants' Daubert Motion to Bar the Plaintiff's Expert [ECF No. 137]. All of these motions are briefed and ripe for ruling. The parties have also briefed statements of undisputed material facts. [*see* ECF Nos. 144, 155, 163, 165, 167, 154, 160, 161.]

## BACKGROUND

The following facts, taken from the Amended Complaint [ECF No. 31] and the parties' statements of material facts, are undisputed.

LVNV is engaged in the business of purchasing allegedly defaulted debts originally owed to others and incurred for personal, family, or household purposes. LVNV has no employees. It holds titles to accounts while Resurgent, operating as a collection agency, directs collection activities on behalf of LVNV. Alegis is the sole general partner of Resurgent.

On January 30, 2012, Capital Management Services, L.P. (CMS), contracted by

Resurgent to send dunning letters, sent the Plaintiff, who is a resident of Indiana, a letter to

collect on her debt. The letter included "GE-WALMART" as the "Description" and listed

"LVNV Funding LLC" as the "Current Creditor." (Second Am. Compl. Ex. A., ECF No. 31-1.)

The account number and balance were also included. (*Id.*) The substance of the letter stated, in

relevant part:

> Dear Mary L. Mitchell:
>
> This company has been engaged by RESURGENT CAPITAL SERVICES, LP, the servicer of the account, to resolve your delinquent debt of $1356.06. Please submit your payment and make your check or money order payable to Capital Management Services, LP, to the above address.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such verification or judgment. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different than the current creditor.
>
> Capital Management Services, LP is authorized to accept less than the full balance due as settlement of the above account. The settlement amount of $474.62, which represents 35% of the amount presently owed, is due in our office no later than forty-five (45) days after receiving this notice. We are not obligated to renew this offer.
>
> For your convenience, this settlement may be made online at: www.cms-trans. com. For other payment options, please contact Capital Management Services LP . . . .
>
> This is an attempt to collect a debt; any information obtained will be used for that purpose. This communication is from a debt collector.

(*Id.*) The letter also directed the recipient to "detach and return top portion with payment." (*Id.*)

The parties do not contest that the alleged debt was past the operative statute of limitations. The letter did not disclose the date of the transactions giving rise to the claimed debt or advise that the debt was barred by Indiana's six year statute of limitations.

The Plaintiff alleges that the settlement offer, in connection with the failure to disclose that the claim was time-barred, implied that LVNV could decide to sue the Plaintiff to collect on the debt. Moreover, the Plaintiff alleges that the Defendants engaged in unfair and deceptive acts and practices "by causing its agents to send consumers collection letters that contain settlement offers on time-barred debts without disclosure of the fact that the debt is time-barred." (Second Am. Compl. ¶ 47.) The Plaintiff seeks actual and statutory damages pursuant to the Fair Debt Collection Practices Act (FDCPA).

On November 10, 2015, the Court certified the following class, pursuant to Federal Rule of Civil Procedure 23(b)(3):

(a) All individuals with addresses in Indiana or Illinois
(b) to whom LVNV, Resurgent, or any debt collector employed by LVNV or Resurgent
(c) sent a letter seeking to collect
(d) a credit card debt on which the last payment had been made more than five years (Illinois residents) or six years (Indiana residents) prior to the letter
(e) which letter was sent on or after
    i.    December 17, 2011, in the case of Indiana residents or
    ii.    February 28, 2011, in the case of Illinois residents and
(f) On or before January 7, 2013
(g) Where the individual after receipt of the letter,
    i.    Made a payment,
    ii.    filed a suit,
    iii.    or responded by requesting verification or contesting the debt.

(Nov. 5, 2015 Order, ECF No. 88; Apr. 21, 2016 Order Am. Class Definition, ECF No. 105.) The Court also certified a subclass "for those class members who received a copy of the letter attached as Exhibit A to the Second Amended Complaint. Illinois residents who fall within the

revised class definitions in *McMahon v. LVNV Funding, LLC*, 1:12-CV-1410, are specifically excluded." (Nov. 5, 2015 Order.)

## STANDARD OF REVIEW

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is the moment in litigation where the nonmoving party is required to marshal and present the Court with evidence on which a reasonable jury could rely to find in his favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). A court should deny a motion for summary judgment when the nonmoving party presents admissible evidence that creates a genuine issue of material fact. *Luster v. Ill. Dep't of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011) (first citing *United States v. 5443 Suffield Terrace*, 607 F.3d 504, 510 (7th Cir. 2010), then citing *Swearnigen–El v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 852, 859 (7th Cir. 2010)). A court's role in deciding a motion for summary judgment "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. [A] court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Material facts are those that are outcome determinative under the applicable law. *Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997). Although a bare contention that an issue of material fact exists is insufficient to create a factual dispute, a court must construe all facts in a light most favorable to the nonmoving party, view all reasonable inferences in that party's favor, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000), and avoid "the temptation to

decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770

(7th Cir. 2003).


## DISCUSSION

### A.    The FDCPA

Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means
> in connection with the collection of any debt. Without limiting the general application of
> the foregoing, the following conduct is a violation of this section:
> * * *
> (2) The false representation of –
>         (A) the character, amount, or legal status of any debt;
>         (B) any services rendered or compensation which may be lawfully received by
>         any debt collector for the collection of a debt.
> (5) The threat to take any action that cannot legally be taken or that is not intended to be
> taken.
> * * *
> (10) The use of any false representation or deceptive means to collect or attempt to
> collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e. Section 1692f prohibits debt collectors from using "unfair or unconscionable

means to collect or attempt to collect any debt."

"[I]n deciding whether . . . a representation made in a dunning letter is misleading, the

court asks whether a person of modest education and limited commercial savvy would be likely

to be deceived." *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 774 (7th Cir. 2007).

A court must view the letter through the perspective of an "unsophisticated consumer." *Lox v.

CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012). This standard applies to claims under both § 1692e

and § 1692f. *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 997 (7th Cir. 2003).

There are three categories of § 1692e cases: (1) cases in which the allegedly offensive

language is plainly and clearly not misleading; (2) cases that include debt collection language

that is not misleading or confusing on its face, but has the potential to be misleading to the unsophisticated consumer; and (3) cases involving letters that are plainly deceptive or misleading. Cases in the first category do not require any extrinsic evidence to show that the reasonably unsophisticated consumer would not be confused by the pertinent language. If a case falls into the second category, "plaintiffs may prevail only by producing extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive." *Ruth v. Triumph P'ships*, 577 F.3d 790, 800–01 (7th Cir. 2009); *Lox*, 689 F.3d at 822. Cases in the third category do not require any extrinsic evidence in order for a plaintiff to be successful. *Id.*

It has been well established by the Seventh Circuit that, typically, whether a dunning letter is confusing is a question of fact. *McMahon*, 744 F.3d at 1020; *Evory*, 505 F.3d at 776; *Lox*, 689 F.3d at 822. However, a plaintiff may prevail on a motion for summary judgment without providing extrinsic evidence if the statements in question are plainly and clearly misleading on their face and if the statements are materially false. *Hahn v. Triumph P'ships,* 557 F.3d 755, 757–58 (7th Cir. 2009); *Lox,* 689 F.3d at 822. A false or misleading statement is material if it has "the ability to influence a *consumer's* decision." *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 942 (7th Cir. 2011). If the letter "does not plainly reveal that it would be confusing to a significant fraction of the population, the plaintiff must come forward with evidence beyond the letter and beyond his own self-serving assertions that the letter is confusing in order to create a genuine issue of material fact for trial." *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 415 (7th Cir. 2005).

In regard to statute of limitation issues and settlement offers, the Seventh Circuit has held that "a debt collector violates the FDCPA when it misleads an unsophisticated consumer to

believe a time-barred debt is legally enforceable regardless of whether litigation is threatened . . . ." *McMahon*, 744 F.3d at 1020. Further, the *McMahon* Court observed that the defendants' collection letters, both of which contained the term "settle" or "settlement," were especially problematic since "a settlement offer on a time-barred debt implies that the creditor could successfully sue on the debt. If unsophisticated consumers believe either that the settlement offer is their chance to avoid court proceedings where they would be defenseless, or if they believe that the debt is legally enforceable at all, they have been misled, and the debt collector has violated the FDCPA." *Id.* at 1022. However, as this Court recognized in its Opinion and Order regarding class certification, issued on November 10, 2015, the *McMahon* Court did not hold that a dunning letter for a time-barred debt is, per se, a violation of the FDCPA. That question was not before the *McMahon* Court as both of the consolidated appeals at issue were still at the pleadings stage. Accordingly, this Court held that it:

> knows of no binding precedent, and the parties have not identified any, holding that a letter is silent regarding the statute of limitations, and the consequences of partial payment on a time-barred debt, is so clearly misleading that extrinsic evidence is unnecessary. In any event, whether the Plaintiff will be required to provide through extrinsic evidence that the Defendants' communications would mislead an unsophisticated consumer is not yet before the Court."

(Nov. 10, 2015 Order 6–7).

Since the Court's Order, and in the middle of the parties' briefing, the Seventh Circuit decided *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 686 (7th Cir. 2017). In *Pantoja,* the defendant collection agency sought to collect on a debt that was past the statute of limitations. "The point of controversy here concerns efforts to collect consumer debts on which the statute of limitations has expired when the effort does not involve filing or threatening a lawsuit." *Id.* at 683. The court went on to explain: "[t]he opportunities for mischief and deception

. . . may well be so great that the better approach is simply to find that any such efforts violate

the FDCPA's debts, § 1692e, and on 'unfair or unconscionable means' to attempt to collect

debts, §1692f." *Id.* at 684.

Though the Seventh Circuit ultimately decided the case on narrower grounds, the court

still held:

> First, the letter does not even hint, let alone make clear to the recipient, that if he
> makes a partial payment or even just a promise to make a partial payment, he risks loss of
> the otherwise ironclad protection of the statute of limitations. Second, the letter did not
> make clear to the recipient that the law prohibits the collector from suing to collect this old
> debt. **Either is sufficient reason to affirm summary judgment for the plaintiff.**

*Id.* (emphasis added). The *Pantoja* Court continued hold, "[W]e believe the FDCPA prohibits a

debt collector for luring debtors away from the shelter of the statute of limitations without

providing an unambiguous warning that an unsophisticated consumer would understand." *Id.* at

685.

The Court notes that the district courts in *Magee*, *Green*, and *Rawson*, in which the

respective plaintiffs received dunning letters similar to the letter at issue in this case, have held

these dunning letters in violation of the FDCPA for the same reasons as the *Pantoja* district

court. *See Magee v. Portfolio Recovery Assoc.*, No. 12-CV-1624, 2016 WL 2644763, at *4 (N.D.

Ill. May 9, 2016) ("Here, as in *Pantoja*, Defendant failed to include language stating that

Plaintiffs' debt was time barred, that they could no longer be sued on that debt, and that a partial

payment would reset the statute of limitations period. Defendant's failure to include such

language in the dunning letter is clearly deceptive on its face. Thus, summary judgment may be

awarded without extrinsic evidence as the deceptive language is materially false."); *Rawson v.*

*Source Receivables Mgmt.*, 215 F.Supp.3d 684 (N.D. Ill. Jan. 6, 2016) (holding that a letter

almost identical to the letter at issue here is deceptive, without the need for extrinsic evidence);

*Green v. Monarch Recovery Mgmt.*, No. 1:13-CV-418, 2015 WL 4599480, at *9 (S.D. Ind. Jul. 29, 2015) ("[W]e hold that Monarch's collection letter was plainly misleading in offering to accept a 'settlement' on a time-barred debt while failing to inform Ms. Green that a limitations defense existed and/or that the effect of a partial payment would be to restart the statute of limitations. Nothing in Monarch's letter indicates that the debt was not legally enforceable and, in fact, by offering to settle the debt, the letter clearly implied otherwise."). Though the *Magee*, *Green*, and *Rawson* decisions were decided prior to the Seventh Circuit's *Pantoja* decision, they relied upon the *Pantoja* district court decision and the Seventh Circuit "affirm[ed], essentially for the reasons explained concisely by [the *Pantoja* district court judge]. *Pantoja*, 852 F.3d at 681–82.

Regardless of the effect of the other district court decisions, the Seventh Circuit has since laid down the operative standard for this Court: a dunning letter should "make clear to the recipient that the law prohibits the collector from suing to collect [the] old debt." *Id.* at 684. Moreover, the letter should, "at the very least, hint, that if [the recipient] makes a partial payment or even just a promise to make a partial payment, he risks loss of the otherwise ironclad protection of the statute of limitations." *Id.* Because "either [are] sufficient reason[s] to affirm summary judgment for the plaintiff," and, in fact, both reasons exist in this case, the Court grants, in part, the Plaintiff's Motion for Summary Judgment, and denies, in part, the Defendants' Cross-Motion for Summary Judgment. *Id.*

### B.      The Motions

In her Complaint, the Plaintiff contends that the Defendants engaged in unfair and deceptive acts and practices, in violation of §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f

of the FDCPA by failing to disclose to the Plaintiff that the statute of limitations had expired and that the debt could not be collected through a court action. The Plaintiff further alleges that the Defendants' offer in the letter to settle the debt was misleading because it implied that a time-barred debt is legally enforceable.

## 1.     *The Plaintiff's Motion for Summary Judgment*

On March 17, 2017, the Plaintiff filed her Amended Motion for Summary Judgment on the issue of liability, on behalf of herself and the certified class.[1] The Plaintiff alleges three bases to support the Court's granting of summary judgment: (1) that the dunning letter failed to disclose that the debt the Defendants attempted to collect was time-barred because the statute of limitations had passed, (2) LVNV could no longer sue the Plaintiff or the class members on their respective debts, and (3) by accepting the Defendants' offer to settle and making a payment, the debtor could revive the statute of limitations and subject himself/herself to a judgment for the full amount of the debt. Accordingly, the Plaintiff argues that because of these issues, the letter falls within the category of letters that are plainly deceptive or misleading and thus, do not require any extrinsic evidence of proof.

In the alternative, the Plaintiff argues that if the letter falls within the second category of letters—letters with debt collection language that is not misleading or confusing on its face, but has the potential to be misleading to the unsophisticated consumer—she has provided the requisite extrinsic evidence to demonstrate that unsophisticated consumers do in fact find the

---

[1] Though the Plaintiff's Motion indicates she solely seeks summary judgment on the issue of liability, she included briefing on the issue of damages, and the Defendants responded. The Defendants also included arguments concerning damages in their Cross-Motion. This Opinion and Order addresses the Court's analysis on damages separately, below.

dunning letter misleading or deceptive. The Plaintiff's extrinsic evidence includes guidance provided by the Federal Trade Commission and Consumer Financial Protection Bureau and an expert report provided by Professor Timothy Goldsmith.

The Plaintiff also argues that all of the Defendants are responsible for the violation, arguing that LVNV owned the debts, Resurgent attempted to collect the debts on behalf of LVNV, Resurgent entered into a collection services agreement with CMS, and Alegis is liable because it is Resurgent's general partner. The Plaintiff argues that not only are Resurgent, LVNV, and Alegis liable under a theory of vicarious liability for CMS's actions, but they are directly liable for the failure to supervise and control an agent, CMS, by knowingly placing time-barred debts for collection.

The Defendant argues that, though the Seventh Circuit in *McMahon* recognized that the Plaintiff's theory of liability is plausible, it did not dispose of a plaintiff's burden to come forth with evidence that a letter silent on the statute of limitations for a time-barred debt, and containing a settlement offer, is misleading to unsophisticated consumers. Accordingly, the Defendant argues that the Plaintiff has not provided the required extrinsic evidence, particularly because she has not presented survey evidence of a consumer's perception of the specific dunning letter at issue. Moreover, the Defendant contends that the Plaintiff's own testimony does not support her claim that she believed the letter was misleading; non-binding agency reports do not satisfy the burden of proof contemplated by the case law; and the Plaintiff's expert offered improper, irrelevant, and unreliable opinions and should be barred in accordance with the Defendants' *Daubert* Motion. Finally, the Defendant argues that LVNV cannot be held liable for a letter sent by a debt collector retained by Resurgent. Not only is LVNV not a debt collector

with respect to CMS's communications, but LVNV had no role in sending the dunning letter and thus, according to the Defendants, cannot be held liable.

**2.     *The Defendants' Cross Motion for Summary Judgment***

Because the Defendants' Cross Motion for Summary Judgment concerning the Plaintiff's § 1692e claim is premised on the same arguments raised by the Defendants in response to the Plaintiff's Summary Judgment Motion—namely that neither the law nor the FDCPA mandates disclosure of a time-barred debt, failure to make a disclosure does not imply a threat of litigation, and the Plaintiff has failed to provide the requisite evidence to demonstrate that the letter is misleading to unsophisticated consumers—the Court incorporates its earlier discussion here.

Regarding the Plaintiff's § 1962f claim, the Defendants assert that the Plaintiff failed to assert any separate factual basis for the claim, and the *McMahon* appeal declined to address the § 1962f claim in that case.

Finally, the Defendants contend that LVNV is not a debt collector because "its principal purpose is not debt collection, nor does it regularly collect debts owed to another or collect debts using a name other than its own name." (Defs' Br. in Supp. of Cross Mot. for Summ. J. 26, ECF No. 140). Rather, LVNV holds ownership rights of purchased debt and hires Resurgent to manage its inventory. According to the Defendants, "[t]he fact that a business merely owns debt does not make it a debt collector even if the debt it owns is in default at the time it is acquired." *Id.*

In response to the Defendants' arguments, the Plaintiff cites the Seventh Circuit's *Pantoja* decision. In particular, the Plaintiff points out that the *Pantoja* Court held, "[W]e believe the FDCPA prohibits a debt collector from luring debtors away from the shelter of the statute of

limitations without providing an unambiguous warning that an unsophisticated consumer would understand." 852 F.3d at 685. Accordingly, the Plaintiff argues that the letter is misleading, as a matter of law. Moreover, the Plaintiff contends that omission of the time-barred nature of the debt is deceptive.

Regarding LVNV's liability, the Plaintiff argues that LVNV "purchases the bad debts, refers them to an associated company for collection, and files suit[s] in its own name if other means do not result in payment by the debtor." (Pl. Resp. to Cross Mot. for Summ. J. 29, ECF No. 153). Accordingly, the Plaintiff argues LVNV must be found liable.

**C.    The Offer to Settle and the Statue of Limitations**

The Court begins its analysis with the dunning letter's offer to settle and whether this misleads the consumer to believe their time-barred debt is legally enforceable. The offer states, in relevant part, "Capital Management Services, LP is authorized to accept less than the full balance due as settlement of the above account. The settlement amount of $474.62, which represents 35% of the amount presently owed, is due in our office no later than forty-five (45) days after receiving this notice." (Second Am. Compl. Ex. A.)

The *Pantoja* Court analyzed the effects of a settlement offer, holding, "We begin with the danger that a debtor who accepts the offered terms of a settlement will, by doing so, waive his otherwise absolute defense under the statute of limitations. Only the rarest consumer-debtor will recognize this danger." 852 F.3d at 684 (internal citations omitted).

Here, the Plaintiff's debt and the debts of the class are time-barred. Accepting the settlement offer would have "put [the Plaintiff] in a much worse legal position than [s]he would have been in before taking the step. Before [s]he received [the D]efendants' letter, [s]he had an

absolute defense to any possible collection suit, which would have been illegal to file." *Id.* at 685. Accordingly, the *Pantoja* Court's holding that "we believe the FDCPA prohibits a debt collector for luring debtors away from the shelter of the statute of limitations without providing an unambiguous warning that an unsophisticated consumer would understand" controls. *Id.* at 685. The Plaintiff's dunning letter did not provide any warning whatsoever, let alone an unambiguous warning, that payment of an amount would result in the loss of the protections accorded by the statute of limitations on the otherwise time-barred debt. Accordingly, the Court finds the dunning letter misleading and thus, in violation of the FDCPA.

It is true, as the Defendants' point out, that the dunning letter in this case is silent regarding the statute of limitations, whereas the dunning letter analyzed by the *Pantoja* Court did include carefully crafted language on the statute of limitations. However, this did not prevent the *Pantoja* Court from holding that "the FDCPA prohibits a debt collector for luring debtors away from the shelter of the statute of limitations **without providing an unambiguous warning that an unsophisticated consumer would understand**." *Id.* at 685 (emphasis added). Furthermore, the *Pantoja* Court affirmed the district court's grant of summary judgment in favor of the plaintiff on two separate grounds:

> First, the letter does not even hint, let alone make clear to the recipient, that if he makes a partial payment or even just a promise to make a partial payment, he risks loss of the otherwise ironclad protection of the statute of limitations. **Second, the letter did not make clear to the recipient that the law prohibits the collector from suing to collect this old debt.**

*Id.* at 684 (emphasis added). The Seventh Circuit held that **"[e]ither** is sufficient reason to affirm summary judgment for the plaintiff." *Id.* (emphasis added).

Here, the operative dunning letter does not "make clear to the recipient that the law prohibits the collector from suing to collect th[e] old debt." *Id.* Nor does the letter even hint that

14

making or promising to make a partial payment, which would be the case upon acceptance of the settlement offer, risks the loss of the otherwise ironclad protection of the statute of limitations. Accordingly, the Court grants, in part, the Plaintiff's Motion for Summary Judgment and denies, in part, the Defendants' Cross-Motion for Summary Judgment on the issue of whether the letter was misleading. Because no extrinsic evidence is required to establish that the letter the Plaintiff received violated the FDCPA, the Court need not reach the Defendants' *Daubert* Motion seeking to exclude the report and testimony of the Plaintiff's expert and denies the *Daubert* Motion as moot.

## D.      Section 1692f Claim

Though the Defendants point out that the Plaintiff did not brief novel arguments regarding the Defendants' liability pursuant to § 1692f, this is because the standard for the Court's review is the same as § 1692e: the Court must review the alleged violation "from the standpoint of the so-called unsophisticated consumer or debtor." *Durkin*, 406 F.3d at 141. Section 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." The Plaintiff argues that the dunning letter is not only misleading and deceptive, but also is an unfair or unconscionable means to collect her debt.

In affirming the District Court's grant of summary judgment in favor of the plaintiff, the *Pantoja* Court also affirmed the District Court's grant of summary judgment on the plaintiff's § 1692f claim. Neither the district court, nor the Seventh Circuit engaged in a separate analysis on the § 1692f claim. Thus, the circuit court affirmed that the analysis for the § 1962e violation in cases where the statute of limitations and settlement clause are at issue renders the same result for the § 1962f violation. *See also Magee*, 2016 WL 2644763, at * 1–2 (granting summary

judgment in favor of the plaintiff pursuant to both §§ 1962e and 1962f). And of course, this makes sense—a letter that is misleading to an unsophisticated is likely an unfair means to collect or attempt to collect a debt.

Accordingly, this Court follows the Seventh Circuit in *Pantoja* and similarly concludes that the dunning letter is an unfair means to collect or attempt to collect debt by failing to state that acceptance of the settlement agreement risks the loss of the otherwise ironclad protection of the statute of limitations. Nor does the dunning letter make clear that the law prohibits the collector from suing to collect the old debt.

## E.      LVNV's Liability

The Plaintiff argues that all of the Defendants are responsible for the FDCPA violation because they are debt collectors, including LVNV.[2] The Defendants respond that LVNV is not a debt collector under the FDCPA because it is solely an owner of the debt at issue and does not perform collections, but instead hires others to do so.

The FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). In support of their Cross Motion, the Defendants point out that this issue was, at the time, pending before the Supreme

---

[2] The Plaintiff argues that as Resurgent's general partner, Alegis is also liable for the FDCPA violation because general partners of a debt collector organized as a partnership are liable for the actions of the partnership. *Barlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997). The Defendants do not provide any counterarguments concerning Alegis's liability.

Court, though the Court had not issued a ruling by the time the parties' briefing on both Motions was completed.

However, since the parties' briefing, the Supreme Court issued a decision in *Henson v. Santander Consumer USA, Inc.*, 137 S. Ct. 1718 (2017). The issue squarely before the Court was as follows: "[H]ow to classify individuals and entities who regularly purchase debts originated by someone else and then seek to collect those debts for their own account." *Id.* at 1721. Ultimately, the Court held that "[a]ll that matters is whether the target of the lawsuit regularly seeks to collect debts for its own account or does so for 'another.'" *Id*; *see also id.* at 1724 ("After all and again, under the [FDCPA's] definition at issue before us you have to attempt to collect debts owed *another* before you can ever qualify as a debt collector."). Accordingly, "a company collecting purchased defaulted debt for its own account" is not a debt collector. *Id.*

Here, the parties do not dispute that LVNV is the owner of the defaulted debts and sought to use Resurgent in order to collect the Plaintiff's debt (and the debts of the class members) for its own account, not the account for another. Therefore, pursuant to the Court's decision in *Henson*, LVNV is not a debt collector under the FDCPA. The Plaintiff has provided no facts to support her claim that LVNV is a debt collector because it collects debts for "another." Instead, when distinguishing the district court's decision in *Henson*, the Plaintiff argues that LVNV files collection lawsuits in its own name, whereas this was not the case in *Henson*. However, the fact that LVNV files suits in its own name further affirms that the Supreme Court's *Henson* decision controls—LVNV is seeking to collect debts for *itself*, and not *another* when filing these suits.

Accordingly, the Court denies, in part, the Plaintiff's Motion for Summary Judgment on this point and grants, in part, the Defendants' Cross Motion for Summary Judgment on the issue

of LVNV's liability. Therefore, the Court does not need to reach the inquiry as to whether LVNV was vicariously liable for CMS's letter.

**F.      Vicarious Liability**

The Plaintiff argues that the Defendants should be liable not under a theory of vicarious liability, but for the failure to supervise and control an agent—CMS. The Court notes that the though the Plaintiff argues that all of the Defendants should be liable for the failure to supervise and control an agent, the Plaintiff's arguments focus on Resurgent and LVNV. In response, the Defendants argue that LVNV is not liable and "the only entity that could potentially be vicariously liable for CMS's letter would be Resurgent." (Defs' Resp. to Mot. for Summ. J. 15, ECF No. 156.) The issue of vicarious liability was raised again only in the Defendants' briefing concerning damages.

The Court has already determined that it will not reach this issue with regard to LVNV for the reasons stated earlier. Though, based on the limited information before the Court, the Court is inclined to find that Resurgent is liable for the failure to control and supervise CMS because it either failed to instruct CMS to include appropriate language concerning the offer to settle and the statute of limitations or otherwise oversee CMS's dunning letter, the Court finds that this issue is insufficiently briefed and there are remaining questions of fact. For example, the parties' have provided limited information and briefing regarding the interactions and oversight between Resurgent and CMS. Moreover, though Alegis may likely be held to the same legal and factual standard as Resurgent, there is no briefing to support the claim that Alegis should similarly be held liable under a theory of failure to oversee an agent. For these reasons, the Court finds it is not appropriate at this time to grant summary judgment for either party on this point.

## G.    Damages

### 1.    *Statutory Damages*

In regards to statutory damages, the FDCPA authorizes plaintiffs to collect such damages "as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a)(2)(A). In determining the amount of statutory damages to award, "the court shall consider, among other relevant factors . . . the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). Although the statute says "the court," the Seventh Circuit has held that "§ 1692k(a)(2) of the FDCPA provides for trial by jury in determining statutory additional damages." *Kobs v. Arrow Serv. Bureau, Inc.*, 134 F.3d 893, 898 (7th Cir. 1998). Section 1692k "is multifaceted and open-ended, granting the factfinder considerable discretion to set statutory damages." *Gillespie v. Blitt & Gaines, P.C.*, 123 F. Supp. 3d 1029, 1033–34 (N.D. Ill. 2015). "When there is a material dispute of fact to be resolved *or discretion to be exercised* in selecting a financial award, then either side is entitled to a jury." *BMG Music v. Gonzalez,* 430 F.3d 888, 892 (7th Cir. 2005) (emphasis added). By contrast, only "if there is no material dispute *and* a rule of law eliminates discretion in selecting the remedy, then summary judgment is permissible." *Id.* at 892–93 (emphasis added). Because "[s]ection 1692k(b) channels, but does not eliminate in any circumstance, the jury's discretion to award statutory damages" the Court affirms that "summary judgment is not appropriate for statutory damages." *Gillespie*, 123 F. Supp. 3d at 1034.

## 2.    *Actual Damages*

The Plaintiff argues that she and the class members are entitled actual damages for the amount they paid in response to the dunning letter because, in cases involving a material omission, it is necessary only to establish that the facts withheld are material in the sense that a reasonable person might have considered them important in the making of his decision. *See Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972). The Defendants contend that they are entitled to summary judgment on the actual damages claim because the Plaintiff has no evidence that these damages are a "result of" the alleged violation. 15 U.S.C. § 1692k(a)1.

The Court turns first to two sentences briefed by the Defendants in their Reply in Support of their Motion, in which the Defendants argue that the Plaintiff cannot establish that she has standing because she has no actual damages since she did not make any payment in response to the letter. Accordingly, the Defendants argue that the "Plaintiff cannot establish that she has standing because she has admitted to at most a bare procedural violation divorced from any concrete harm," citing *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1548 (2016) for support. (Def.'s Reply in Supp. of Cross Mot. for Summ. J. 14, ECF No. 164.)

In *Spokeo*, the plaintiff filed suit against the defendant on behalf of a class of similarly situated individuals, claiming that the defendant violated the Fair Credit Reporting Act (FCRA) when it inaccurately reported his personal background on its website. The Supreme Court held that in order to assert standing, the plaintiff must have suffered an injury in fact. *Id.* at 1547. "To establish an injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (citation omitted). The Court clarified; however, that "'[c]oncrete' is not, however, necessarily synonymous with 'tangible'" and "we have confirmed in many of

20

our previous cases that intangible injuries can nevertheless be concrete." *Id.* at 1548. As examples, the Court cited restrictions on First Amendment freedoms and harm to one's reputation. *Id.* at 1549. The Court ultimately remanded the case to the Ninth Circuit to determine whether the plaintiff suffered injury in fact.

On remand, the Ninth Circuit had "little difficulty" affirming that "an alleged violation of a consumer's rights under the Fair Credit Report Act constitutes a harm sufficiently concrete to satisfy the injury-in-fact requirement of Article III of the United States Constitution." *Robins v. Spokeo, Inc.*, 867 F.3d 1109, 1545–46 (9th Cir. 2017). The Ninth Circuit considered "the extent to which violation of a statutory right can itself establish an injury sufficiently concrete for the purposes of Article III standing." *Id.* at 1112. The court recognized that the Supreme Court's *Spokeo* decision noted that some statutory violations, alone, do establish concrete harm, especially when Congress conferred the "right to protect a plaintiff's concrete interests." *Id.* at 1113. In the case of the FCRA, the Ninth Circuit held that Congress established the statute to protect consumers' concrete interests. *Id.* Moreover, the nature of the specific alleged conduct by the defendant ensured a "real risk of harm to the concrete interests the FCRA protects." *Id.* at 1116.

The Court finds that this same analysis applies to the FDCPA, concurring with the Southern District of Indiana's opinion in *Swike v. Med-1 Sol., LLC*, No. 1:17-CV-1503, 2017 WL 4099307 (S.D. Ind. Sept. 15, 2017), in which the court similarly reviewed the Ninth Circuit's *Spokeo* decision and discussed it in the context of the FDCPA and injury in fact. Similar to the plaintiff in *Swike*, the Plaintiff here received a letter that the FDCPA expressly protects her from:

Just as a plaintiff has standing to sue where a defendant fails to provide a required disclosure under the FDCPA . . . so too does [the plaintiff] have standing to sue [the defendant] for sending her something from which she was supposed to be protected. This is because the receiving of a prohibited debt communication constitutes a real injury in and of itself.

*Id.* at *4. Accordingly, the Court denies, in part, the Defendants' Cross-Motion for Summary Judgment on this point.

Regarding the actual damages suffered by the Plaintiff and the class members, the Court finds that the parties have neither sufficiently briefed, nor argued, what the prevailing case law indicates the actual damages should be. The Plaintiff asks simply for "judgment entered for each class member in the amount paid," (Pl. Resp. to Defs' Mot. for Summ. J. 21, ECF No. 153), and the Court is inclined to agree. However, it is unclear from the parties' briefing whether this is in dispute; for instance, whether there are any issues concerning what particular class members paid, whether they paid in parts, whether they had any communication with Resurgent before paying, etc. Accordingly, the Court finds that it is not appropriate at this time to grant summary judgment on the issue of damages.

## CONCLUSION

For the above reasons, the Court GRANTS, IN PART, and DENIES, IN PART, the Plaintiff's Amended Motion for Summary Judgment [ECF No. 142], GRANTS, IN PART, and DENIES, IN PART, the Defendants' Cross-Motion for Summary Judgment [ECF No. 139], and DENIES AS MOOT the Defendant's *Daubert* Motion [ECF No. 137]. The Court sets the case for a telephonic conference on Tuesday, November 28, 2017, at 11:00AM, for the purpose of scheduling additional motions/briefing as noted in this Order and Opinion.

SO ORDERED on September 28, 2017.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT