UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MARY MITCHELL, on behalf of herself and all other class members, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CAUSE NO.: 2:12-CV-523-TLS |
| LVNV FUNDING, LLC; RESURGENT CAPITAL SERVICES, L.P.; and ALEGIS GROUP, LLC, ) ) ) ) ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Motion for Reconsideration [ECF No. 169], filed on October 3, 2017, seeking reconsideration of a portion of the Court's September 28, 2017, Opinion and Order [ECF No. 168] granting, in part, and denying, in part, the Plaintiff's Amended Motion for Summary Judgment [ECF No. 142] and granting, in part, and denying, in part, the Defendants' Cross-Motion for Summary Judgment [ECF No. 139]. Defendant LVNV Funding, LLC (LVNV) filed its Response to the Motion for Reconsideration [ECF No. 170] on October 16, 2017. The Plaintiff filed her Reply [ECF No. 172] on October 23, 2017. On November 10, 2017, the Defendant filed a Motion for Leave to File a Sur-Reply [ECF No. 173], and the Plaintiff filed an Objection [ECF No. 174]. On November 28, 2017, the Court held a telephonic status conference with the parties [ECF No. 175], at which time the Court granted leave for the Defendant to file its Sur-Reply [ECF No. 173-1] and overruled the Plaintiff's Objection to the extent that it sought to prevent filing of the Sur-Reply, but the Court indicated that it would otherwise consider the Plaintiff's substantive arguments raised in her Objection.

**STANDARD OF REVIEW**

Because the Court's September 2017 Opinion and Order on summary judgment did not resolve all of the matters before the Court, it is not a final order. Accordingly, the Plaintiff "asks the Court to reconsider pursuant to its inherent authority to reconsider an interlocutory order at any time." (Pl. Reply 2, ECF No. 172).

"Unlike motions to reconsider final judgments, which are governed by Federal Rule of Civil Procedure 59 or 60, a motion to reconsider an interlocutory order [under Rule 54(b)] may be entertained and granted as justice requires." *Azko Coatings, Inc. v. Aigner Corp.*, 909 F. Supp. 1154, 1159 (N.D. Ind. 1995); *see also Atchley v. Heritage Cable Vision Assocs.*, 926 F. Supp. 1381, 1383 (N.D. Ind. 1996) (citation omitted). Rule 54(b) provides in relevant part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

"The beneficial aspect of distinguishing between the two methods of relief is readily apparent when the strict standard for granting relief under Rule 60(b) is contrasted with the practically unbridled discretion of a district court to reconsider a previous interlocutory order [under Rule 54(b)]." *Fisher v. Nat'l R.R. Passenger Corp.*, 152 F.R.D. 145, 149 (S.D. Ind. 1993); *see also Peirick v. Ind. Univ.–Purdue Univ. Athletics Dep't*, 510 F.3d 681, 694 n.5 (7th Cir. 2007) (holding that a district court has "broad authority to reconsider" an interlocutory order). A court may reconsider prejudgment interlocutory decisions at any time prior to final judgment. *In re 949 Erie St., Racine, Wis.*, 824 F.2d 538, 541 (7th Cir. 1987) (citing *Cameo Convalescent Ctr., Inc. v. Percy*, 800 F.2d 108, 110 (7th Cir. 1986)); *Fisher*, 152 F.R.D. at 149 ("[A] district

court has the inherent power to reconsider interlocutory orders and re-open any part of a case before entry of final judgment.")

## DISCUSSION

**A.     Reconsideration**

The Court finds that reconsideration of the portion of its September 28 2017, Opinion and Order on summary judgment regarding LVNV's liability would be in the interest of justice. In reaching its determination regarding LVNV's liability, the Court relied upon the Supreme Court's decision in *Henson v. Santander Consumer USA, Inc.*, 137 S. Ct. 1718 (2017), which interprets a portion of the Fair Debt Collection Practices Act (FDCPA) that defines a debt collector. This Court noted in its Opinion and Order that *Henson* was issued after the conclusion of the parties briefing.[1] Because the parties did not have an opportunity to discuss the implications, limitations, and/or applicability of *Henson* upon LVNV's liability, the Court finds that reconsideration of the portion of its September 2017 Opinion and Order concerning LVNV's liability (both as argued by the Plaintiff in her summary judgment motion and as argued by the Defendant in its cross-motion for summary judgment) is appropriate.

---

[1] The Defendant argues that the parties did brief the issue addressed by the Supreme Court's *Henson* decision during their summary judgment briefing because the *Henson* decision essentially confirmed the Fourth Circuit's interpretation, and the parties otherwise had access to the issues presented to the Supreme Court on certiorari. While the parties did have the Fourth Circuit's decision during the time of their briefing, as well as the pending certiorari before the Supreme Court, this Court finds that neither party was accorded an opportunity to discuss the Supreme Court's ultimate decision, including the applicability and limitations of the Court's rationale in the *Henson* decision to this case, as well as the implications resulting from the litany of case law that has followed the Court's ruling. *See, e.g.*, *Barbato, v. Greystone All., LLC*, No. CV 3:13-2748, 2017 WL 5496047 (M.D. Pa. Nov. 16, 2017); *McAdory v. M.N.S & Assocs., LLC*, No. 3:17-CV-777, 2017 WL 5071263 (D. Or. Nov. 3, 2017); *Simpson v. Safeguard Properties, LLC*, No. 13-CV-2453, 2017 WL 4310674 (N.D. Ill. Sept. 28, 2017); *Schlaf v. Safeguard Properties, LLC*, No. 15 C 50113, 2017 WL 4856227 (N.D. Ill. Aug. 29, 2017); *Chernyakhovskaya v. Resurgent Capital Serv. L.P.*, 2017 WL 3593115, No. 2:16-CV-1235 (D.N.J. Aug. 18, 2017).

During a telephonic conference that the Court held on November 28, 2017, the parties indicated that they had completed briefing on the merits of reconsideration and that no additional briefing was required. Accordingly, the Court next considers the merits of the Motion for Reconsideration in this Opinion and Order.

**B.     The Standard for Introduction of Factual Evidence During Reconsideration**

Before turning to the merits of the instant Motion, the Court first resolves a dispute between the parties concerning the introduction of new facts and arguments for this Court's consideration in this instant order regarding reconsideration. Among its other arguments, in its Sur-Reply, the Defendant maintains that the Plaintiff "improperly raised for the first time in her Reply Brief" several disputed facts and arguments and that these should "not have been raised as a basis for her Motion for Reconsideration because such motion is not properly utilized 'to advance arguments or theories that could and should have been made before the district court rendered a judgment . . . .'" (Def.'s Sur-Reply 2, ECF No. 173-1 (quoting *Sigsworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007).)

The issue with the Defendant's reliance on *Sigsworth* is that the Seventh Circuit's holding is based upon a Motion for Reconsideration filed pursuant to Federal Rule of Civil Procedure 59(e). In fact, the Seventh Circuit explicitly makes clear that its holding is for motions brought pursuant to Rule 59(e). *See* 487 F.3d at 512 *("[I]t is well-settled that a Rule 59(e) motion* is not properly utilized to advance arguments or theories that could and should have been made before the district court rendered a judgment . . . .") (emphasis added) (internal quotations omitted). The Seventh Circuit's holding is predicated on the fact that Rule 59(e) motions for

4

reconsideration are brought after entry of final judgment. Accordingly, a party is prevented from advancing new theories or arguments after the entry of final judgment.

Here, however, the Motion for Reconsideration is pending under this Court's broad authority to consider an interlocutory order in which no final judgment has been rendered. The Plaintiff seeks to advance arguments in favor of the same cause of action and the same position regarding LVNV's liability that she took during the initial round of summary judgment briefing, but in light of clarifying precedent from the Supreme Court. In so doing, the Plaintiff seeks the introduction of facts and arguments that are relevant to the Court's consideration. The Court notes that the introduction of these factual contentions does not appear to prejudice the Defendant— it is not the case that the Plaintiff is now introducing a previously undisclosed document or information that the Defendant otherwise would not have been able to view or access. Instead, the Plaintiff points to LVNV's known business activities; for instance, the Plaintiff's additional facts include a Massachusetts case and an Illinois case in which the respective courts made factual findings regarding LVNV's business operation, a list of lawsuits filed by LVNV in Illinois, and the limited power of attorney agreement between LVNV and Resurgent Capital Services LP (Resurgent). Accordingly, to the extent that the Court's ruling on the instant Motion to Reconsider the Court's September 2017 Opinion and Order requires the Court to consider additional facts in order to rule on the Motion for Summary Judgment, the Court will do so. *Swiss v. Stiglich*, No. 2:05-CV-203, 2008 WL 763015, at *1 (N.D. Ind. Mar. 20, 2008).

## C. LVNV's Liability

Title 15, § 1692(a)(6) of the United States Code defines a debt collector within the meaning of the FDCPA:

> The term "debt collector" means any person[2] who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, *or* who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

§ 1692(a)(6) (emphasis added). The Plaintiff contends that *Henson*, interpreting this statutory definition, focused on the second prong of the definition—whether an entity is a debt collector because it "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." In so doing, the Supreme Court held that an entity is a debt collector within the meaning of this definition only if it collects or attempts to collect debts owed *to another*. *See Henson*, 137 S. Ct. at 1721. In its September 2017 Opinion and Order, this Court held that LVNV is not a debt collector because it does not collect or attempt to collect debts owed to another; instead, LVNV is the owner of the debts at issue.

However, the Plaintiff maintains that *Henson* does not apply to the first prong of the statutory definition—"any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts"—because the Supreme Court explicitly held that *Henson* is premised only on the second prong:

> [T]he parties briefly allude to another statutory definition of the term "debt collector"—one that encompasses those engaged "in any business the principal purpose of which is the collection of any debts." § 1692a(6). But the parties haven't much litigated that alternative definition and in granting certiorari we didn't agree to address it either.
> With these preliminaries by the board, we can turn to the much-narrowed question properly before us.

---

[2] The term "person" means "a natural person or an organization." 15 U.S.C. § 1602(e).

*Id*. In further support, the Plaintiff argues that when reading the plain text of § 1692(a)(6) in light of the cannons of statutory construction, the statutory definition of debt collector consists of two separate prongs, separated by "or," neither of which modify the other.

Therefore, because *Henson* is not applicable to the first prong of § 1692(a)(6), the Plaintiff argues that this Court's holding on summary judgment requires an analysis of this first prong. Accordingly, the Plaintiff asks this Court to now consider LVNV's liability under the first prong of § 1692(a)(6). The Plaintiff contends that she has put forth the requisite evidence demonstrating that there is no genuine dispute that LVNV's principal purpose is that of debt collection, and that LVNV has asserted no facts that it conducts any other business activity. (*See* Pl.'s Mot. for Recons. 2, ECF No. 169 ("The facts of this case show that the principal (indeed only) purpose of LVNV's business is the collection of debts.").) Therefore, the Plaintiff maintains that LVNV is a debt collector within the meaning of the FDCPA.

The Defendant seeks a more expansive reading of *Henson*, arguing that to be a debt collector under the FDCPA, an entity must attempt to collect the debt owed to another. In support, the Defendant cites to *Chernyakhovskaya*, in which the New Jersey district court dismissed the Plaintiff's complaint, holding:

> Per *Henson* an entity that purchases debt for its own account does not constitute a debt collector under the FDCPA and because the Amended Complaint includes one count that hinges on the assertion that the Defendants are debt collectors within the meaning of the FDCPA and LVNV does not fall within the meaning of debt collector as set forth by the Supreme Court in *Henson*, the Court dismisses Plaintiff's action against Defendant LVNV.

2017 WL 3593115, at *9. [3]

---

[3] The Court notes that, in its decision, the New Jersey district court gave the plaintiff leave to amend the complaint, "to the extent Plaintiff may cure deficiencies as to the allegations against LVNV." *Chernyakhovskaya*, 2017 WL 3593115, at *9.

However, the Defendant further argues that even if the Court was to determine that the first prong of § 1692(a)(6) was unaffected by *Henson*, the Plaintiff has failed to provide the requisite facts to support the claim that LVNV's principal purpose is the collection of debts. The Defendant argues that LVNV itself has no employees and does not engage in debt collection or otherwise contact the debtor; rather, LVNV contracts with Resurgent to collect on the debts it has purchased. Thus, the Defendant argues that LVNV cannot be a business whose principal purpose is the collection of debts.

The Court begins by examining the undisputed facts between the parties. As the Court noted in its September 2017 Opinion and Order ruling on summary judgment, the parties do not dispute that LVNV purchases and holds ownership in distressed receivables. (*See* Sept. 28, 2017 Opinion and Order 1, ECF No. 168; *see also* Def.'s Resp. to Pl.'s Mot. for Recons. 5, ECF No. 170.) The parties do not dispute that LVNV has no employees. (*Id.*) The parties do not dispute that Resurgent, operating as a collection agency, directs collection activities on behalf of LVNV. (*Id.*)
The parties do not dispute that LVNV has a written agreement and power of attorney with Resurgent. (S*ee* Defs.' Answer to Second Am. Compl. ¶ 21, ECF No. 39; Pl.'s Reply, App. A, ECF No. 172-1.) The parties do not dispute that Resurgent acts as a debt collector as defined by the FDCPA and that Resurgent uses the mail and telephone to collect debts. (Defs.' Answer to Second Am. Compl. ¶¶ 17–18.) The Court also accepts the Plaintiff's submission of the Cook County docket search, revealing cases filed by LVNV [ECF No. 172-2], as the Defendant does not appear to contest that it is the named plaintiff in these lawsuits.

The Court now turns to the issues at hand. The first question is whether the Supreme Court's ruling in *Henson* impacts the first prong of § 1692(a)(6). The Court finds that *Henson*

explicitly did not address the first prong in the definition of a debt collector, holding that "the parties haven't much litigated that alternative definition and in granting certiorari we didn't agree to address it either." 137 S. Ct. at 1721. "[T]he *Henson* Court [] made clear that its holding in that matter was narrow, and did not address the applicability of 'in any business the principal purpose of which is the collection of any debts[.]'" in its decision. *Schweer v. HOVG, LLC*, No. 3:16-CV-1528, 2017 WL 2906504, at *5 (M.D. Pa. July 7, 2017) (quoting *Henson*, 137 S. Ct. at 1721); *see also McAdory*, 2017 WL 5071263, at *4 n.1 ("Plaintiff clarified she was relying on only the first "principal purpose" definition. Any further reliance on *Henson* by Defendant is inapposite here, as *Henson* specifically considers only the second 'regularly collects . . . debts owed or due . . . another' definition of debt collector.") (citation omitted). Therefore, the Court finds that *Henson* does not "impact[] FDCPA cases beyond those which include a dispute concerning the second [prong of] the definition of 'debt collector' in § 1692(a)(6)." *Barbato*, 2017 WL 5496047, at *8.

"As such, while the [C]ourt agrees with [the Defendant] that [the P]laintiff's FDCPA claims fail insofar as she is relying on the second statutory definition of 'debt collector,' which was at issue in *Henson*, since it applies to 'debts owed . . . another,' and the debt here was owed to [the Defendant itself], it does not agree with [the Defendant] that it can no longer be considered a 'debt collector' under the first statutory definition, not at issue in *Henson*, since it 'applies to *any* debts, provided only that the entity's *principal purpose* is the collection of such debt.'" *Id.* (quoting *Tepper v. Amos Fin., LLC*, 15-CV-5834, 2017 WL 3446886, at *8 (E.D. Pa. Aug. 11, 2017).) Accordingly, the Court turns to the first prong of the FDCPA to consider whether the Plaintiff has demonstrated that there is no genuine issue of material fact that LVNV's "principal purpose" is debt collection or, whether the Defendant has demonstrated that

there is no issue of material fact that LVNV's "principal purpose" is not debt collection. For the reasons stated below, the Court finds that there exists a material factual dispute regarding LVNV's principal business activities.

Neither party contests that LVNV *purchases* defaulted debts. The issue is whether LVNV's *principal purpose* is debt *collection*. Relying upon *Schweer*, the Plaintiff asserts that "the principal (indeed only) purpose of LVNV's business," (Pl. Mot. to Recons. 2), "is to buy defaulted debts and thereafter attempt to collect on them." *Schweer*, 2017 WL 2906504, at *5. Though the Middle District of Pennsylvania in *Schweer* held that the defendant buyer's principal purpose is debt collection, the court held as such because:

> **As stipulated in the joint case management plan**, [the defendant's] principal purpose of business "is to buy defaulted debts and thereafter attempt to collect on those debts. **The Defendants stipulated specifically that [the defendant] is indeed a debt collector for the purposes of the Act.** Thus, the Court finds that *Henson* does not shield [the defendant] from liability, as [the defendant] fits in the remainder of the definition of a debt collector unaddressed by *Henson*.

*Id.* (emphasis added). Unlike *Shweer*, the Defendant in this case does not stipulate regarding its position as a debt collector and instead, contests that it engages in any debt collection activities. (*See* Def.'s Resp. 2 ("LVNV's principal purpose is to hold ownership in distressed receivables. LVNV does not send letters and engages in no collection activity—indeed it has no employees.") (emphasis removed).) In other words, though LVNV contracts with a third party to collect debts, the Defendant argues that this alone is insufficient to hold that LVNV's principal purpose of business is debt collection.

On the other hand, the Court does not accept the Defendant's contention that the "Plaintiff provided absolutely no facts to support her claim that LVNV is a debt collector under the 'principal purpose' definition of a debt collector." (Def.'s Resp. 4–5). In support, the

Defendant cites to *Gold v. Midland Credit Mgmt., Inc.*, in which the Northern District of California held that "[t]here is no evidence to suggest that Midland Funding's business is debt collection. Rather, Plaintiff would have the Court fill in the gap with an inference that because Midland Funding is in the business of acquiring defaulted debts, it must therefore be in the business of collecting on those debts." 82 F. Supp. 3d 1064, 1071 (N.D. Cal. Mar. 10, 2015). The Defendant also points to *Kasalo v. Trident Asset Mgmt., LLC.*, in which an Illinois district court held that an entity must take some affirmative collection activity or have some interaction with the indebted consumer to be a business with the "principal purpose" of debt collection, 53 F. Supp. 3d 1072, 1079 (N.D. Ill. 2014), and *McAdory v. M.N.S. & Assocs., LLC*, in which the Oregon district court found that the plain language of the statute requires holding that "[d]ebt purchasing companies . . . who have no interactions with debtors and merely contract with third parties to collect on the debts they have purchased simply do not have the principal purpose of collecting debts. Therefore these companies must fall outside the purview of the FDCPA." No. 3:17-CV-7777, 2017 WL 5071263, at *2–3.

Here, though the Plaintiff has put forth evidence similar to the contentions raised by the plaintiffs in *Gold* and *Kasalo*—that LVNV purchases and holds ownership in defaulted debts, that "[t]here is no business purpose in purchasing charged off debts if the ultimate goal is not to collect them," and that "[d]ebt buyers don't buy debts to use them as wallpaper, but to turn them into money" (Pl. Reply. 6–7)—the Plaintiff has additionally put forth the following factual evidence: that LVNV has no employees; that LVNV has a written agreement and power of attorney with Resurgent; that Resurgent is a debt collector; that LVNV files thousands of collection lawsuits in its name; that LVNV described the general character of its business as "consumer debt collection" in its Application for Registration filed in Massachusetts, *Dorrian v.*

11

*LVNV Funding, LLC*, No. SUCV142684BLS2, 2017 WL 2218773 (Mass. Super. Ct. Mar. 30 2017); that a Massachusetts Superior Court determined that "at least 99 percent of LVNV's gross revenue has been derived from collecting on unpaid consumer debts owed by it," *Id.*; and that the Illinois Supreme Court has held LVNV to be subject to the state collection act, *LVNV Funding, LLC v. Trice*, 2015 IL 116129, 32 N.E.3d 553 (Ill. May 26, 2015). Therefore, the Plaintiff has provided for the record additional facts regarding LVNV's principal activities that were not present in *Gold*. The Plaintiff also asserts that unlike the defendants in *Gold*, *Kasalo*, and *McAdory*, LVNV did have interactions with the debtors when it filed lawsuits against them. (Pl.'s Obj. 3, ECF No. 174 ("LVNV does not explain how filing thousands of collection lawsuits against consumers is not an 'interaction with debtors' by LVNV.").)

However, the Court finds that there is still a question of fact regarding LVNV's **principal purpose** of business that is appropriate for jury determination. Even if the Court finds that the Plaintiff has sufficiently asserted that LVNV engages in debt collection,[4] the question still remains—is this LVNV's principal purpose of business? In *Barbato*, the entity that carried out the alleged debt collection activities, Turning Point, had entered into a "Service Agreement" with a third party stating that the third party was seeking to "procure certain collection services from" Turning Point, and that Turning Point would undertake collection on each account placed by the third party. 2017 WL 1193731, at *3, 18. In a letter issued to the plaintiff that addressed the plaintiff's debt, Turning Point identified itself as a "National Debt Collection Agency" and "debt collector." *Id.* at *5. Subsequently, two voicemails were left urging the plaintiff to return the call. *Id.* at *5–6. Ultimately, however, the terms of the Service Agreement, self-identification, and

---

[4] For instance, if the Court accepts that "[f]iling lawsuits is debt collection." (Pl. Reply 6 (citing *Heintz v. Jenkins*, 514 U.S. 291 (1995).)

other conduct towards the plaintiff were insufficient at the summary judgment stage to show that the "principal purpose" of Turning Point's business was debt collection, because the plaintiff had not established the role of debt collection in Turning Point's business as a whole. *Id.* at *17. "[T]he Court in *Barbato* . . . made clear that, based on the record evidence, plaintiff's showing was insufficient." *Schalf*, 2017 WL 4856227, at *3 (citing *id.* at *18).

Accordingly, here, the Court cannot conclude that there is no genuine dispute of material fact regarding the principal purpose of LVNV's business. Unlike in *Tepper*, where the court made a finding of fact that the defendant "is exclusively in the business of acquiring and servicing non-performing and semi-performing consumer and commercial loans," 2017 WL 3446886, at *1, the Court here cannot make such a determination. Though the Plaintiff has provided additional evidence not present in other cases regarding LVNV's principal purpose, resolution of this issue requires weighing the evidence, including drawing inferences resulting from that evidence, to determine if it is sufficient to find that LVNV is a debt collector. In other words, the determination of LVNV's principal purpose requires making a factual finding as to whether the evidence is sufficient to establish, by a preponderance of evidence, that LVNV's principal purpose of business is to engage in debt collection. This factual finding is reserved for the trier of fact. *Waldrige*, 24 F.3d at 918 (holding that court's role in deciding a motion for summary judgment "is not to sift through the evidence . . . and decide whom to believe. [A] court has one task and one task only: to decide based on the evidence of record, whether there is any material dispute of fact that requires a trial"); *Walberry v. Trustees of Ind. Univ.*, No. 1:04-CV-848, 2006 WL 2051283, at *1 (S.D. Ind. July 20, 2006) ("[T]he weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.") (citation and internal quotation omitted).

The Court notes that LVNV also filed a Cross-Motion, arguing that LVNV is not a debt collector. The Plaintiff contends that LVNV has not articulated that it has any other business purpose, nor has it shown that it has the broad variety of business activity of a consumer finance company like Santander, the entity sued in *Henson*. This is evidence that the jury is entitled to weigh when determining if the evidence, and resulting inferences, put forth by the Plaintiff regarding LVNV's collection activities is sufficient to establish that LVNV's principal purpose is debt collection. As explained above, the Court finds that the Defendant has not demonstrated sufficient evidence that there is no genuine dispute of material fact regarding LVNV's principal business—not only does the Plaintiff dispute the Defendant's contention, but she has put forth evidence that this Court finds creates a genuine issue of fact.

Finally, in the Court's September 2017 Opinion and Order, because the Court held that LVNV was not a debt collector, the Court determined it "does not need to reach the inquiry as to whether LVNV was vicariously liable for CMS's letter." (Sept. 28, 2017, Opinion and Order 18.) In their briefing on the instant Motion, both parties briefly touch on vicarious liability issues, and so the Court addresses it now. "While a debt collector can be held vicariously liable for missives drafted and sent by its agents, on the other hand, a company that is not a debt collector would not ordinarily be subject to liability under the Act at all." *Baranowski v. Blitt & Gaines, P.C.*, No. 17 C 2407, 2017 WL 3278322, at *3 (N.D. Ill. Aug. 2, 2017) (internal quotations and citation omitted). Accordingly, the first step in determining whether LVNV is vicariously liable for the acts of Resurgent and/or CMS is to determine if LVNV is indeed a debt collector pursuant to the FDCPA. This issue is one that the Court cannot consider until the jury makes a determination regarding LVNV's principal purpose of business and resultant status as a debt collector. The parties did not otherwise brief whether LVNV may still be vicariously liable for the acts of its

agents regardless of whether it is a debt collector, and thus, this issue is insufficiently briefed for this Court's consideration at this time.

## CONCLUSION

For the above reasons, the Court VACATES, IN PART, the portion of its September 28, 2017, Opinion and Order [ECF No. 168] concerning LVNV's status as a debt collector, DENIES the Plaintiff's Amended Motion for Summary Judgment [ECF No. 142] on this point, and DENIES the Defendants' Cross-Motion for Summary Judgment [ECF No. 139] on this point. *Id.*

The Court telephonic conference on January 22, 2018, at 12:00 PM, for the purpose of scheduling trial related deadlines, is CONFIRMED.

SO ORDERED on December 15, 2017.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT