# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| MARY MITCHELL, on behalf of herself and all other class members, | |
| Plaintiff, | |
| v. | CAUSE NO.: 2:12-CV-523-TLS |
| LVNV FUNDING, LLC; RESURGENT CAPITAL SERVICES, L.P.; and ALEGIS GROUP, LLC, | |
| Defendants. | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Unopposed Motion to Add Plaintiff as Additional Class Representative [ECF No. 205], filed on July 31, 2019. On July 11, 2019, Plaintiff Mary Mitchell filed a Motion to Excuse Plaintiff's Appearance at Fairness Hearing [ECF No. 196], requesting that this Court excuse her appearance as Class Representative at the upcoming Fairness Hearing due to her critical health condition. The Court subsequently granted the Plaintiff's Motion, and the Fairness Hearing was held as scheduled on July 25, 2019, for the purpose of discussing the Settlement Agreement. Sometime prior to the Fairness Hearing, Mitchell had succumbed to her illness. The Court, Plaintiff's counsel, and Defendants' counsel were not aware of Mitchell's passing at the time of the Fairness Hearing.

The Order granting Plaintiff's Motion to Certify Class, and thus establishing Mitchell as the Class Representative, was entered on November 12, 2015 [ECF No. 88]. In light of Mitchell's passing, Plaintiff's counsel has requested that the Court name Kimberly Moore as the new class representative. Plaintiff's counsel has informed the Court that Moore has retained class counsel and, if the Court were to appoint her, is willing to serve as the class representative.

A district court may alter or amend an order that grants or denies class certification at any time prior to the entry of a final judgment. Fed. R. Civ. P. 23(c)(1)(C). The replacement of a class representative is not a novel or unusual occurrence in the realm of class action litigation; indeed, "[s]ubstition of unnamed class members for named plaintiffs who fall out of the case because of settlement or other reasons is a common and normally an unexceptionable ("routine") feature of class action litigation" in federal court. *Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006). In the event of the death of the class representative, a class action can be kept alive by the appointment of a new class representative. *Robinson v. Sheriff of Cook County*, 167 F.3d 1155, 1158 (7th Cir. 1999) (citing *Kremens v. Bartley*, 431 U.S. 119, 134–35 (1977)).

Although the Court can substitute Moore as the new class representative, it will only do so if the Court believes she "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "In order to be an adequate representative, the named plaintiff must be 'part of the class and possess the same interest and suffer the same injury as the class members.'" *Conrad v. Boiron, Inc.*, 869 F.3d 536, 539 (7th Cir. 2017) (quoting *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 625–26 (1997)).

There are several factors that lead the Court to believe that Moore would be an adequate representative for the existing class. First and foremost, Moore is a member of the class and has suffered the same injury as her fellow class members. Because she has suffered the same injury and is similarly situated, the claims Moore has asserted in this proceeding are identical to, and do not conflict with, the claims of the other class members. Further, the Court has no reason to believe that Moore's substitution will impact the interests of the class, as the Court has been assured that the change of the class representative will not result in the alteration of the relief sought through

this claim or the terms of the Settlement Agreement that has been presented to this Court. Finally, Defendant's counsel has expressed no objection to adding Moore as the new class representative.

There being ample evidence that Moore will fairly and adequately protect the interests of the existing class, the requirements outlined under Federal Rule of Civil Procedure Rule 23(a)(4) are satisfied, thus making Moore an adequate candidate for class representative and an appropriate substitute for Class Representative Mary Mitchell in light of her unexpected passing.

For the reasons set forth above, the Court hereby GRANTS the Unopposed Motion to Add Plaintiff as Additional Class Representative [ECF No. 205].

SO ORDERED on September 11, 2019.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT