# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| MARY MITCHELL and KIMBERLY MOORE, on behalf of themselves and all other class members, | |
| Plaintiffs, | |
| v. | CAUSE NO.: 2:12-CV-523-TLS |
| LVNV FUNDING, LLC; RESURGENT CAPITAL SERVICES, L.P.; and ALEGIS GROUP, LLC, | |
| Defendants. | |

## OPINION AND ORDER

This matter is before the Court on a Motion to Substitute and Appoint Richard Mitchell as Special Representative of the Estate of Mary Mitchell [ECF No. 212], filed on October 24, 2019. For the reasons stated below, the Motion is granted.

## PROCEDURAL BACKGROUND

On July 25, 2019, counsel for Plaintiff Mary Mitchell filed a Suggestion of Death of Plaintiff Mary Mitchell [ECF No. 204], indicating that Mary Mitchell, the class representative, had suffered an unexpected and rapid decline in her health which resulted in her death. On July 31, 2019, an Unopposed Motion to Add Plaintiff as Additional Class Representative [ECF No. 205] was filed, requesting that the Court name Kimberly Moore, a class member, as a class representative in this matter. In its September 11, 2019 Opinion and Order [ECF No. 208], the Court granted the Unopposed Motion. On October 24, 2019, the instant Motion to Substitute and Appoint Richard Mitchell as Special Representative of the Estate of Mary Mitchell [ECF No.

212] was filed by Plaintiff Kimberly Moore and by Richard Mitchell, son and heir of Plaintiff Mary Mitchell. The Defendants did not file a response, and the time to do so has passed.

## ANALYSIS

The instant motion seeks to substitute Richard Mitchell for Plaintiff Mary Mitchell pursuant to Federal Rule of Civil Procedure 25(a)(1). This rule states:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). Based on this Rule, the Motion will be granted only if (1) Mary Mitchell's claim was not extinguished upon her death and (2) Richard Mitchell is a proper party for substitution. *See id*.

**A.    Survivability of Mary Mitchell's Fair Debt Collection Practices Act Claim**

This class action lawsuit—and therefore Mary Mitchell's claim—arises from Section 1629k of the Fair Debt Collection Practices Act ("FDCPA"). As this cause of action is created by a federal statute, "federal law controls on the survival of the action." 7C Fed. Prac. & Proc. Civ. § 1954 (3d ed.). However, there "is no general survival statute for federal-questions cases," *id*; nor does the FDCPA indicate whether claims grounded in a violation of the Act extinguish upon the death of the plaintiff, *see* 15 U.S.C. § 1692k; *Bradley v. Franklin Collection Serv., Inc.*, 5:10-CV-1537, 2012 WL 12895015, at *4–5 (N.D. Ala. Apr. 10, 2012).

The few courts that have addressed the issue have concluded that FDCPA claims are not extinguished upon the death of the claimant. *See, e.g.*, *Cuoco v. Palisades Collection, LLC*, 13–6592, 2014 WL 956229, at *3–5 (D. N.J. Mar. 11, 2014); *Jewett v. Bishop, White Marshall & Weibel, P.S.*, CV 12–10142, 2013 WL 6818245, at *2 (C.D. Cal. Feb. 25, 2013); *Bradley*, 2012 WL 12895015, at *4–5; *see also Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 996, 1002 (9th

Cir. 2012) (ruling in favor of a substituted plaintiff). In *Cuoco* and *Bradley*, both the District Court for the District of New Jersey and the District Court for the Northern District of Alabama, respectively, concluded that FDCPA claims survive the death of a plaintiff because they are remedial, rather than punitive, claims. *Cuoco*, 2014 WL 956229, at *3–5; *Bradley*, 2012 WL 12895015, at *4–5.[1] Although it appears that this exact issue has not been addressed by any court in this circuit, courts in this circuit, including the Court of Appeals for the Seventh Circuit, have generally made the same considerations when resolving issues of survivability. *See, e.g.*, *Smith v. No. 2 Galesburg Crown Fin. Corp.*, 615 F.2d 407, 414 (7th Cir. 1980) ("The general rule is that actions for penalties do not survive the death of the plaintiff."), *overruled on other grounds by Pridegon v. Gates Credit Union*, 683 F.2d 182, 194 (7th Cir. 1982); *Saleh v. Merchant*, 14-CV-09186, 2017 WL 1478000, at *5–6 (N.D. Ill. Apr. 25, 2017); *LaFlamboy v. Landek*, 05 C 4994, 2009 WL 10695379, at *2 (N.D. Ill. Apr. 23, 2009); *Cont'l Assur. Co. v. Am. Bankshares Corp.*, 483 F. Supp. 175, 177–78 (E.D. Wis. 1980); *see also* 7C Fed. Prac. & Proc. Civ. § 1954 (3d ed.).

Indeed, the Seventh Circuit has outlined a three-part test for courts to consider when determining whether a claim is remedial or penal for the purposes of claim survivorship. *See Smith*, 615 F.2d at 414. The first part of the test requires the Court to consider "whether the purpose of the action is to redress individual wrongs or wrongs to the public." *Smith*, 615 F.2d at 414; *see also Saleh*, 2017 WL 1478000, at *6. Congress has indicated that the purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those

---

[1] Although the United States Court of Appeals for the Ninth Circuit ruled in favor of a substituted plaintiff in a case involving a FDCPA claim, it did not explain why the substitution was proper. *See Cruz*, 673 F.3d at 996. The District Court for the Central District of California relied on the Ninth Circuit's decision in *Cruz* to conclude that FDCPA claims survive a party's death. *Jewett*, 2013 WL 6818245, at *2.

debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692. Certainly, the public enjoys some benefit from the FDCPA, as the Act promotes a safer market by deterring abusive debt collection practices. *See id*. However, § 1692k empowers individuals to bring claims against debt collectors for the damages they suffered in their individual capacity rather than for the harms suffered by the public at large. 15 U.S.C. § 1692k. Therefore, this factor weighs in favor of FDCPA claims being characterized as remedial rather than punitive.

The second part of the test requires the Court to consider "whether recovery runs to the individual or to the public." *Smith*, 615 F.2d at 414; *see also Saleh*, 2017 WL 1478000, at *6. Analysis of this factor is rather straightforward, as the text of the statute explicitly states that recovery runs to the individual. 15 U.S.C. § 1692k. Specifically, § 1692k(a) provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person." *Id.* Again, this factor suggests that a § 1692k claim is remedial rather than punitive.

The third and final part of the test requires the Court to consider "whether the authorized recovery is wholly disproportionate to the harm suffered." *Smith*, 615 F.2d at 414; *see also Saleh*, 2017 WL 1478000, at *6. This is, perhaps, the most difficult factor to assess because § 1692k authorizes three types of recovery. *See* 15 U.S.C. § 1692k. Section 1692k allows an individual to recover for "any actual damage sustained" as a result of a violation of the Act. *Id.* § 1692k(a)(1). Section 1692k also allows courts to award up to $1,000 of additional damages per plaintiff, with some additional limitations in class action cases. *Id.* § 1692k(a)(2). Additionally, § 1692k authorizes the recovery of costs and attorney fees. *Id.* § 1692k(a)(3). Although these three

sources of recovery may allow a successful plaintiff to recover an amount greater than the harm suffered, this Court cannot conclude that such an amount would be wholly disproportionate to the harm suffered. *See Saleh*, 2017 WL 1478000, at *6 (concluding that RICO treble damages are not "wholly disproportionate" and that a RICO claim survives a plaintiff's death). Thus, this factor, too, supports a finding that the Act is remedial.

Finding that the factors outlined by the Seventh Circuit indicate that this action is remedial in nature, the Court concludes that Mary Mitchell's FDCPA claim was not extinguished upon her death and that a proper party can be substituted pursuant to Rule 25.

**B.      Proper Party for Substitution**

The Court must also determine whether Richard Mitchell is an appropriate substitute for Mary Mitchell. Rule 25 permits a court to substitute a "proper party." Fed. R. Civ. P. 25. The Seventh Circuit has explained that the proper party for substitution is ordinarily the "personal representative of the party who has died." *Tucker v. Mitchell-Lawshea*, 17-CV-05883, 2019 WL 1057384, at *2 (N.D. Ill. Mar. 6, 2019) (citing *Atkins v. City of Chicago*, 547 F.3d 869, 870 (7th Cir. 2008)). Unfortunately, the Seventh Circuit has not yet addressed who the "proper party for substitution is under Rule 25(a) where no personal representative has been or is expected to be appointed." *Id.* (citing *Tamburo v. Dworkin*, 04-C-3317, 2012 WL 104545, at *2 (N.D. Ill. Jan. 11, 2012); *In re Baycol Prods. Litig.*, 616 F.3d 778, 783 (8th Cir. 2010)); *see also In re Baycol Prods. Litig.*, 616 F.3d at 783 ("It is well-established that a decedent's legal representative may substitute . . . for the decedent in a cause of action. It is not well-established . . . who may be considered the decedent's 'successor' under Rule 25(a)(1), and therefore, also a proper party for purposes of substitution.") (internal citations omitted).

However, other federal courts have agreed that the requirement of appointing a legal representative is too rigid and that other individuals may be proper parties for substitution under Rule 25(a)(1). *See Hardy v. Kaszycki & Sons Contractors, Inc.*, 842 F. Supp. 713, 716 (S.D.N.Y. 1993) ("Although [the individual] has not been formally appointed as the representative of the Estate, several courts interpreting Fed. R. Civ. P. 25(a) have held that such formality is not required in certain situations." (citing *Gronowicz v. Leonard*, 109 F.R.D. 624, 626 (S.D.N.Y. 1986); *McSurely v. McClellan*, 753 F.2d 88, 97 (D.C. Cir. 1985))); *see also Sinito v. U.S. Dep't of Justice*, 176 F.3d 512, 516 (D.C. Cir. 1999) ("[T]he word 'successor' . . . means that a proper party need not necessarily be the appointed executor or administrator of the deceased party's estate." (citing *Rende v Kay*, 415 F.2d 983, 986 (D.C. Cir. 1969))); *Mason v. Asset Acceptance, LLC*, 1:06-CV-735, 2007 WL 2112347, at *2 (S.D. Ohio July 9, 2007) ("[A] party need not necessarily be appointed administrator or executor of the decedent's estate in order to be substituted as a party as long as the substitute is a distributee of the estate.").

At the appellate level, the Seventh Circuit has addressed the issue of substitution as it relates to Federal Rule of Appellate Procedure 43(a). *See Anderson v. Romero*, 42 F.3d 1121, 1123 (7th Cir. 1994). In *Anderson*, the Seventh Circuit used state law to determine whether an individual is a proper party for substitution under Federal Rule of Appellate Procedure 43(a). *Id.* As Rule 25(a)(1) is the trial court equivalent of Federal Rule of Appellate Procedure 43(a), the same analysis can be applied. *See Tucker*, 2019 WL 1057384, at *2–5; *Tamburo*, 2012 WL 104545, at *2; *see also Gamble v. Thomas*, 655 F.2d 568, 569 (5th Cir. 1981) ("[Fed. R. App. P. 43(a)] is derived from Fed. R. Civ. P. 25(a)."). This conclusion is supported by courts outside of this circuit, as many courts have held that state law should be used to resolve issues related to

substitution. *See, e.g.*, *Deen v. Egleston*, 597 F.3d 1223, 1227 n.1 (11th Cir. 2010); *In re Baycol Prods. Litig.*, 616 F.3d at 783; *see also* 6 Moore's Federal Practice – Civil § 25.12.

Thus, the Court will look to state law to determine if Richard Mitchell is a proper person to be substituted for Mary Mitchell. *See* 6 Moore's Federal Practice – Civil § 25.12. To determine whether Richard Mitchell is a proper party, Mary Mitchell and her estate must be considered. The following is known about Mary Mitchell and her estate:

- Mary Mitchell died in the State of Indiana;
- Mary Mitchell's estate contains less than $50,000 of assets;
- Mary Mitchell died intestate;
- Mary Mitchell was not married at the time of her death;
- Mary Mitchell had at least one child, Richard Mitchell;
- Mary Mitchell lived with Richard Mitchell before her death;
- Richard Mitchell was Mary Mitchell's primary caregiver.

Decl. Richard Mitchell ¶¶ 1–8, ECF No. 212-1.

Indiana law is applied because Mary Mitchell died in Indiana. Under Indiana law, an action that survives the death of a plaintiff may be continued by the deceased party's personal representative or successor in interest. *See* Ind. Code § 34-9-3-1; Ind. Trial P. R. 25. The Indiana Probate Code defines "personal representative" to include an "executor, administrator, administrator with the will annexed, administrator de bonis non, and special administrator." Ind. Code § 29-1-1-3(25). At this time, no personal representative has been appointed on behalf of Mary Mitchell's estate. Mot. Substitute & Appoint ¶ 24–25, ECF No. 212. Further, no legal representative will be appointed because Mary Mitchell's estate will be distributed by small estate affidavit. *See* Ind. Code § 29-1-8-1; Mot. Substitute & Appoint ¶ 24–25.

7

In *Anderson*, the Seventh Circuit concluded that it had the power to appoint a special representative and substitute that party pursuant to Rule of Appellate Procedure 43(a) to continue the action. *Anderson*, 42 F.3d at 1123. Likewise, the District Court for the Northern District of Illinois opined that it had the authority to appoint a special representative who could be substituted pursuant to Rule 25(a). *Tucker*, 2019 WL 1057384, at *2–5. In the instant case, the Plaintiff asserts, presumably relying on this case law, that this Court can appoint Richard Mitchell as a special representative of Mary Mitchell's estate. Mot. Substitute & Appoint ¶ 24. However, both courts in the cited cases relied on an Illinois statute, 735 ILCS 5/2-1008(b)(2), which is inapplicable to the instant question of Indiana law, to conclude that they had the requisite authority appoint a special representative. *See Anderson*, 42 F.3d at 1123; *Tucker*, 2019 WL 1057384, at *2–5.

It does appear that the Indiana Code allows for a special administrator to be appointed to serve as a personal representative. *See* Ind. Code § 29-1-10-15. However, due to the Court's limited jurisdiction over probate matters, it is unclear whether this statute empowers this Court. *See Marshall v. Marshall*, 547 U.S. 293, 311–312 (2006) ("[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate . . . [b]ut it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.").[2] Regardless, even if the statute is applicable, the Court could not appoint a special administrator because nothing in the record suggests that the conditions of the statute have been met. *See* Ind. Code § 29-1-10-15.

Nevertheless, this Court has the authority to substitute Mary Mitchell's successor in interest to continue her claim. *See* Ind. Code § 34-9-3-1; Ind. Trial P. R. 25. Mary Mitchell's

---

[2] The Court agrees with Judge Durkin's observation made in *Tucker*: "This is not a well-traveled area of the law." 2019 WL 1057384, at *5.

successors in interest include those individuals that will inherit the estate. *Burnett v. Milnes*, 46 N.E. 464, 465 (Ind. 1897). As Mary Mitchell died intestate, her heirs will inherit as specified in Indiana Code § 29-1-2-1. As her son, Richard Mitchell will, at least partially, inherit Mary Mitchell's estate, *see* Ind. Code § 29-1-2-1, making him a successor in interest and a proper party to continue this action on Mary Mitchell's behalf. *See Burnett*, 46 N.E. at 465; *see also Hardy*, 842 F. Supp. at 716 (holding that the primary distributee of an estate is a proper party for the purposes of substitution).

## CONCLUSION

For the reasons stated above, the Court hereby GRANTS the Plaintiffs' Motion to Substitute and Appoint Richard Mitchell as Special Representative of the Estate of Mary Mitchell [ECF No. 212]. The Court ORDERS that Richard Mitchell is SUBSTITUTED for Mary Mitchell in this cause of action. The Court DIRECTS the Clerk of Court to amend the electronic docket to replace "Plaintiff Mary Mitchell" with "Plaintiff Mary Mitchell (Deceased) by her Son and Next Friend, Richard Mitchell."

SO ORDERED on February 7, 2020.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT