UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARY MITCHELL (deceased), by her son and next friend, RICHARD MITCHELL, and KIMBERLY MOORE, on behalf of themselves and all other class members,<br><br>Plaintiffs,<br><br>v.<br><br>LVNV FUNDING, LLC; RESURGENT CAPITAL SERVICES, L.P.; and ALEGIS GROUP, LLC,<br><br>Defendants. | CAUSE NO.: 2:12-CV-523-TLS |

## OPINION AND ORDER

This matter is before the Court on the Plaintiffs' Motion for Attorney's Fees [ECF No. 207], filed on August 13, 2019. In their Motion, the Plaintiffs seek attorneys' fees in the amount of $197,000 for the work that Class Counsel performed in connection with this case. For the reasons set forth below, the Court GRANTS the Plaintiffs' Motion.

## BACKGROUND

On December 17, 2012, Beatrice Anguiano filed a Class Action Complaint [ECF No. 1] against LVNV Funding, LLC; Resurgent Capital Services, L.P.; Alegis Group, LLC; and the Brachfeld Law Group. On March 28, 2013, an Amended Class Action Complaint [ECF No. 31] was filed, which added Mary Mitchell as a Plaintiff and dismissed Brachfeld Law Group as a Defendant. On March 6, 2016, a Notice of Satisfaction of Judgment [ECF No. 60] was entered in favor of Beatrice Anguiano against the Defendants. Beatrice Anguiano was then dismissed from this lawsuit.

In its November 10, 2015 Order [ECF No. 88], the Court certified the Class pursuant to Federal Rule of Civil Procedure 23(b)(3) and appointed Edelman, Combs, Latturner & Goodwin, LLC as class counsel ("Class Counsel"). Nov. 10, 2015 Order 21, ECF No. 88. On September 13, 2018, a Notice of Settlement [ECF No. 183] was filed. On January 31, 2019, a Joint Motion for Preliminary Approval [ECF No. 187] was filed requesting the court to preliminarily approve the Class Settlement Agreement ("Agreement"), set dates for Class members to opt out of or object to the settlement, schedule a hearing for final approval of the Agreement, approve the forms of notice to the Class, and find that mailing the notices satisfies the due process requirements. Joint Mot. Prelim. Approval 1, ECF No. 187. The parties then filed the Agreement [ECF No. 188] with the Court on February 11, 2019. The Agreement was then amended [ECF No. 193] as directed by the Court.

The Court, in its March 6, 2019 Preliminary Approval Order [ECF No. 194], granted preliminary approval of the Agreement, approved the proposed Class Notices, and concluded that the notices satisfied the requirements of due process and Federal Rule of Civil Procedure 23(c)(2)(B). Mar. 6, 2019 Order 1–3, ECF No. 194. A Fairness Hearing [ECF No. 203] was then held on July 25, 2019, where no Class members appeared and there were no objections to the Agreement.

On July 25, 2019, a Suggestion of Death [ECF No. 204] was filed, informing the Court that Class Representative Mary Mitchell died sometime prior to the Fairness Hearing [ECF No. 203]. The Plaintiffs then filed an *Unopposed* Motion to Add Plaintiff as Additional Class Representative [ECF No. 205] to add Kimberly Moore as a Class Representative and a Motion to Substitute and Appoint Richard Mitchell as Special Representative of the Estate of Mary Mitchell [ECF No. 212] to substitute Mary Mitchell with her son Richard Mitchell. Both Motions were granted by the

Court [ECF Nos. 208, 213]. As this litigation is nearing conclusion, the Plaintiffs have filed a Motion for Attorney's Fees [ECF No. 207]. The Defendants did not respond to this Motion and the time to do so has passed.

## STANDARD

Pursuant to Section 1692k(a)(3) of the Fair Debt Collection Practices Act (FDCPA), "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of– . . . in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). The general rule for calculating attorneys' fee awards under fee shifting statutes is applicable to attorneys' fees awards under the FDCPA. *Gastineau v. Wright*, 592 F.3d 747, 748–49 (7th Cir. 2010). "Ordinarily a reasonable fee is calculated under the lodestar method by multiplying a reasonable hourly rate by the number of hours reasonably expended on the litigation." *Thorncreek Apartments III, LLC v. Mick*, 886 F.3d 626, 638 (7th Cir. 2018) (citing *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011)); *see also Owens v. Howe*, 365 F. Supp. 2d 942, 946–47 (N.D. Ind. 2005) ("The starting point for determining a reasonable fee is the lodestar, that is, the number of hours reasonably expended on the litigation multiplied by the attorney's reasonable hourly rate." (citing *Riter v. Moss & Bloomberg, Ltd.*, No 96 C 2001, 2000 WL 1433867, at *2 (N.D. Ill. Sept. 26, 2000))). "[T]he lodestar yields a presumptively reasonable rate;" however, the court must consider whether the factors of the particular case warrant such an award. *World Outreach Conference Ctr. v. City of Chicago*, 896 F.3d 779, 783 (7th Cir. 2018) (citing *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014)); *see also Thorncreek Apartments III, LLC*, 886 F.3d at 638 ("[T]he lodestar figure is just the 'starting

point.'" (quoting *Estate of Enoch v. Tienor*, 570 F.3d 821, 823 (7th Cir. 2009))). "[S]ince the district court is in a better position to evaluate such a fact-based issue," it is afforded a high level of deference when using the lodestar method to calculate a reasonable attorney fee. *Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 742 (7th Cir. 2003) (citing *Spegon v. Catholic Bishop of Chic.*, 175 F.3d 544, 551 (7th Cir. 1999); *Bankston v. Illinois*, 60 F.3d 1249, 1255 (7th Cir. 1995)).

When considering the number of hours reasonably expended on the litigation, "[t]he district court must determine whether 'the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award.'" *World Outreach Conference Ctr.*, 896 F.3d at 783 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The district court should also consider "the time and labor required, the novelty and difficulty of the issues, the legal skill required, the reputation of the attorneys, the time burdens imposed by the client or the circumstances, and awards in similar cases." *Owens*, 365 F. Supp. 2d at 947 (citing *Hensley*, 461 U.S. at 430 n.3). The "reasonable hourly rate should reflect the attorney's market rate, defined as 'the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question.'" *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 707 (7th Cir. 2001) (citing *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 407 (7th Cir. 1999)). It is fair for a court to presume that the attorney's actual billing rate for comparable work is appropriate to use as the market rate. *Owens*, 365 F. Supp. 2d at 947 (citing *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996)).

## ANALYSIS

In the instant case, the Plaintiffs have provided the Declaration of Daniel A. Edelman [ECF No. 207-1], which contains the facts and details necessary for the Court to conduct a lodestar analysis.

The Declaration indicates that a total of 580.18 hours of attorney and paralegal hours were expended by Class Counsel during this litigation. Decl Daniel A. Edelman App'x G p. 62, ECF No. 207-1. The Court has reviewed the time entries submitted by the Plaintiffs and notes that the Defendants have not objected to the Plaintiffs' submissions. When determining whether 580.18 hours is reasonable, the Court's first considers the factors detailed above, with the level of success achieved being the chief consideration. In an FDCPA Class Action lawsuit, the Class may recover "any actual damage sustained by such person as a result of [the violation]" and additional damages as the court may allow. 15 U.S.C. § 1692k(a). The Agreement states that "based on Defendants' records, of the 5,600 Class Members, approximately 2,317 individuals made payments, totaling approximately $83,500.32 on the debts at issue . . . ." Agreement § 9, ECF No. 188. Despite only suffering $83,500.32 in monetary damages, the Agreement results in a Class Settlement Fund of $144,100.00. Agreement § 10. Based on this, the Court concludes that Class Counsel obtained a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award. *See World Outreach Conference Ctr.*, 896 F.3d at 783. The Court also concludes that it is reasonable that Class Counsel expended 580.18 attorney and paralegal hours when considering the duration of the litigation (approximately 8 years), the difficulty of assembling and certifying a Class, and the reputation of Class Counsel as experienced class action and consumer protection attorneys.

The Declaration also includes information concerning the usual rates charged by each of the attorneys and paralegals that Class Counsel utilized throughout this litigation. The usual rates are as follows:

a. Daniel Edelman, Cathleen Combs, and James Latturner (partners): $700 an hour;

b. Tara Goodwin (partner): $600 an hour;

c. Julie Clark (partner): $500 an hour;

d. Heather Kolbus (partner): $500 an hour:

e. Cassandra P. Miller (partner): $450 an hour;

f. Tiffany N. Hardy (partner): $450 an hour;

g. Associates: $230 to $250 an hour;

h. Paralegals $100-$125 an hour (based upon experience).

Decl. Daniel A. Edelman ¶ 40. As these rates are the attorneys' actual billing rates for similar litigation services, it is presumed that the rates are reasonable. *See Pickett*, 664 F.3d at 640 (citing *Denius v. Dunlap*, 330 F.3d 919, 930 (7th Cir. 2003)). This presumption is supported by a number of cases, cited in the Declaration, where Class Counsel's rates were deemed reasonable at the district court level. *See* Decl. Daniel A. Edelman ¶¶ 35–39 (citing cases). This presumption is further supported by the USAO Attorney's Fees Matrix 2015-2020, which suggests that the rates charged by Class Counsel are comparable to what the United States Attorney's Office for the District of Columbia have deemed to be reasonable. USAO Attorney's Fees Matrix 2015-2020.[1]

---

[1] The Court notes that the USAO Attorney's Fees Matrix is generally only used in the District of Columbia. However, the matrix is still a useful resource for determining whether attorneys' fees are reasonable outside of the District of Columbia, especially in similarly situated metropolitan areas, such as the Chicago metropolitan area where this Court is located. *Moore v. Midland Credit Mgmt., Inc.*, 3:12-CV-166, 2012 WL 6217597, at *3 (N.D. Dec. 12, 2012) ("[T]he Court finds that consideration of . . . the Laffey Matrix is appropriate." (citing cases in support)).

Finally, these rates are reasonable because, as explained below, the Plaintiffs are not attempting to recover the entire lodestar amount and the Defendants do not oppose an award of attorneys' fees.

The Declaration represents that, based on the above figures, the lodestar amount is $244,137.50, which does not include costs or certain expended hours that have been intentionally excluded. Decl. Daniel A. Edelman App'x G p. 48.[2] Regardless, the Plaintiffs have only requested $197,000 in attorneys' fees because the Agreement specifically states that: "Counsel for Plaintiffs and the [Class] shall petition the Court for approval of attorneys' fees and costs in the agreed upon amount of $197,000.00. Defendants shall pay counsel for Plaintiff that amount of attorneys' fees and costs awarded by the Court not to exceed $197,000.00." Agreement ¶ 12. Notably, this amount is approximately $50,000 less than the lodestar amount.

By considering both the lodestar calculation and the Agreement, the Court concludes that $197,000 is a reasonable fee because it is the amount agreed upon by the parties and it less than the fee yielded by the lodestar method. The Court reaches this conclusion despite the fact the attorneys' fees recovered will be greater than the damages recovered on behalf of the Class. Having carefully considered the issue, the Court has determined that, due to the length of the litigation and the limitations on damages imposed by the FDCPA, the requested attorneys' fees are reasonable. *See Lamarr v. Montgomery Lynch and Assocs., Inc.*, No. 1:18-CV-185, 2019 WL 912171, at *1 (N.D. Ind. Feb. 25, 2019) ("The Seventh Circuit has stated that district court orders should 'evidence increased reflection before awarding attorney's fees that are large multiples of the damages recovered or multiples of the damages claimed.'" (quoting *Moriarty v. Svec II*, 233 F.3d 955, 968 (7th Cir. 2001))).

---

[2] The Court notes that the Declaration indicates that the time Class Counsel spent preparing for and at the Fairness Hearing and all time expended by Class Counsel after the Fairness Hearing are not included in this amount and that Class Counsel is not attempting to recover attorneys' fees for this time. Mot. Attorney Fees ¶ 14, ECF No. 207.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Plaintiffs' Motion for Attorney's Fees [ECF No. 207]. The Court ORDERS the Defendants to pay Plaintiffs' attorneys' fees in the amount of $197,000. The Court NOTES that pursuant to Paragraph 14(c) of the Agreement, the Defendants delivered a check to Class Counsel, at least 10 days before the Fairness Hearing, in the amount of $197,000 to be held in trust for the purposes of paying any attorneys' fees and costs approved by the Court.

SO ORDERED on April 13, 2020.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT