**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| MARY MITCHELL (deceased), by her son and next friend, RICHARD MITCHELL, and KIMBERLY MOORE, on behalf of themselves and all other class members,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>LVNV FUNDING, LLC; RESURGENT CAPITAL SERVICES, L.P.; and ALEGIS GROUP, LLC,<br><br>　　　　　　　Defendants. | CAUSE NO.: 2:12-CV-523-TLS |

**FINAL APPROVAL ORDER**

This matter is before the Court on the Court's April 13, 2020 Order [ECF No. 215] granting the Plaintiffs' Unopposed Motion for Entry of Final Approval Order. Based on the Court's review of the case proceedings, the Court FINDS and ORDERS as follows:

1.　In its March 6, 2019 Preliminary Approval Order [ECF No. 194], the Court preliminarily approved the Agreement on behalf of the Plaintiffs and the defined Class ("Class") consisting of:

> **Class Definition**: (a) all individuals with addresses in Indiana or Illinois (b) to whom LVNV, Resurgent, or any debt collector employed by LVNV or Resurgent (c) sent a letter seeking to collect (d) a credit card debt on which the last payment had been made more than five years (Illinois residents) or six years (Indiana residents) prior to the letter (e) which letter was sent on or after (i) December 17, 2011 in the case of Indiana residents or (ii) February 28, 2011 in the case of Illinois residents and (f) on or before January 7, 2013 (g) where the individual after receipt of the letter, (i) made a payment, (ii) filed suit, or (iii) responded by requesting verification or contesting the debt.

2.　Edelman, Combs, Latturner & Goodwin, LLC has been appointed Class Counsel.

3. With described changes, the Court approved the parties' proposed Class Notices (the "Post Card Notice" and "Website Notice") and directed the Post Card Notice to be mailed to the last known address of the class members as shown on the Defendants' records on or before March 19, 2019. During the July 25, 2019 Fairness Hearing [ECF No. 203], the Court was informed that actual notice was sent by first class mail to approximately 5,478 class members by the Settlement Administrator. *See also* Am. Decl. Bailey Hughes ¶ 9, ECF No. 202. The Declaration of Bailey Hughes [ECF No 202], an agent of the Class Settlement Administrator, indicated that 1,243 notices were returned as undeliverable by the U.S. Postal Service; however, new addresses were found for 1,048 of the returned notices. *Id.* at ¶ 13. The Declaration also informs the Court that a total of 338 envelopes were returned by the United States Postal Service as undeliverable with no forwarding address available and no additional valid addresses were found by the Class Administrator. *Id.* at ¶ 14. Bailey Hughes's Declaration confirms that no objections or requests for exclusion were received by the Class Administrator. *Id.* at ¶¶ 15, 16; *see also* July 25, 2019 Fairness Hearing [ECF No. 203].

4. The Amended Declaration of Bailey Hughes [ECF No. 202] and the Declaration of Bailey Hughes [ECF No. 206-4] indicate that the Settlement Administrator received 27 claim forms which were postmarked after the May 20, 2019 deadline for submissions, Am. Decl. Bailey Hughes ¶ 20, 21, 22; Decl. Bailey Hughes ¶ 3, ECF No. 206-4. During the July 25, 2019 Fairness Hearing [ECF No. 203] the parties jointly requested that the claim forms postmarked after the May 20, 2019 deadline for submissions be included as valid claimants such that the late claimants ("Late Claimants") are entitled to receive a portion of the settlement funds. The inclusion of the late claim forms received as of July 24, 2019, is approved and the Late Claimants are included in the Class, such that each will receive a portion of the Class Settlement Fund

5. The Amended Declaration of Bailey Hughes [ECF No. 202] also indicates that the Settlement Administrator received 41 claim forms which requested a correction or change to the name of the class member, but did not include documentation supporting the request for the name change ("Undocumented Name Change Claim Forms"). Am. Decl. Bailey Hughes ¶ 23, 24. During the July 25, 2019 Fairness Hearing [ECF No. 203] the parties jointly requested that the Undocumented Name Change Claim Forms be included as valid claim forms such that the claimants who submitted them are entitled to receive a portion of the settlement funds. The inclusion of the Undocumented Name Change Claim Forms is approved and those individuals who submitted the Undocumented Name Change Claim Forms are included in the Class, such that each will receive a portion of the Class Settlement Fund.

6. Based on the representations in the Declarations of Bailey Hughes [ECF Nos. 202, 206-4], the total number of approved claim forms, including claim forms postmarked after the May 20, 2019 deadline for submissions and Undocumented Claim Forms, is 953.

7. During the July 25, 2019 Fairness Hearing [ECF No. 203], the Court was informed that the Class Administrator failed to send a class notice to five individuals ("Five Additional Class Members") in the class who are entitled to recover from the Tier 2 Funds (payments made within 45 days of the account being placed for collection). The Amended Declaration of Bailey Hughes [ECF No. 202] indicates that Class Counsel, through the assistance of the Class Administrator, was able to contact each of the Five Additional Class Members.

8. The Amended Declaration of Bailey Hughes [ECF No. 202] informs the Court that Class Counsel spoke to each of the Five Additional Class Members or their next of kin (for those that were deceased) and advised them of their rights with respect to the Class Settlement, as set forth in the Class Notice. The Amended Declaration of Bailey Hughes [ECF No. 202] further

informs the Court that each of the Five Additional Class Members, or their next of kin, wish to participate in the settlement and receive their portion of the Settlement Funds. The Court finds that the notice provided by Class Counsel to the Five Additional Class Members satisfies the requirements of the Federal Rules of Civil Procedure 23 and due process. The inclusion of the Five Additional Class Members is approved and those individuals are included in the Class, such that each will receive a portion of the Class Settlement Fund.

9. As to any deceased class member for whom a next of kin has submitted a claim form or other request for inclusion in the Class Settlement ("Next of Kin Claimant"), the Class Administrator is directed to issue the funds due to the deceased class member to the Next of Kin Claimant, in the name of the Next of Kin Claimant and at the address provided by the Next of Kin Claimant.

10. On July 25, 2019, the Court held a fairness hearing [ECF No. 203] to which class members, including any with objections, were invited. No class members objected or requested exclusion from the settlement at the fairness hearing.

11. The Court finds that the provisions for notice to the class satisfy the requirements of the Federal Rules of Civil Procedure 23 and due process.

12. The Court finds that the settlement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the parties, including the Release and payments by the Defendants.

13. Based on the Agreement, at least 10 days before the Fairness Hearing the Defendants deposited the Class Settlement Fund, as the term is used in Paragraph 10 of the Agreement, with the Settlement Administrator to be held in trust until the effective date of the Agreement. The Settlement Administrator is to distribute all monies set forth in Paragraph 10 of

the Agreement among Class members who submitted claim forms ("Participating Class Members") within two (2) weeks of the date of this Order as described in Paragraph 14 of the Agreement. Participating Class Members will receive a pro rata share of the Tier 1 Class Recovery and a proportional return of any payments made within 45 days of the placement of the debt for collection from the Tier 2 Class Recovery by check. Checks issued to Participating Class Members will be void after 90 days ("void date");

14. Based on the Agreement, at least 10 days before the Fairness Hearing the Defendants delivered the Attorney Fees and Cost Payment, in the form of a $197,000 check as set forth in Paragraph 14 of the Agreement, to Class Counsel to be held in trust until the effective date of the Agreement.

15. Upon the Effective Date, the Plaintiff and the Class Members grant the following release:

> Each Plaintiff and Class Member who does not submit a valid and timely request for exclusion, releases and discharges the Defendants, as well as their predecessors, successors, assigns, affiliates, parent corporations, subsidiaries, holding companies, divisions, unincorporated business units, partners, insurers, members, officers, directors, shareholders, members, managers, employees, agents, representatives, officials, attorneys, associates and trustees (in their respective capacities as such), (collectively, "Released Parties"), from any and all actual or potential claims, actions, causes of action, suits, counterclaims, cross claims, third party claims, contentions, allegations, and assertions of wrongdoing, and any demands for any and all debts, obligations, liabilities, damages (whether actual, compensatory, treble, punitive, exemplary, statutory, or otherwise), attorneys' fees, costs, expenses, restitution, disgorgement, injunctive relief, any other type of equitable, legal or statutory relief, any other benefits, or any penalties of any type whatever, whether known or unknown, suspected or unsuspected, contingent or noncontingent, or discovered or undiscovered, whether asserted in federal court, state court, arbitration or otherwise, and whether triable before a judge or jury or otherwise, that were alleged in the Litigation or that arise out of or relate to the conduct alleged in the Litigation, including, without limitation, those based on violation of the FDCPA, FDCPA state equivalents, or any other state, federal, or local law, statute, regulation or common law.

16. The Court finds the Agreement to be fair and made in good faith.

17. The terms of the Agreement are incorporated into this order.

18. The Court approves the Chicago Law and Education Foundation as the designated cy pres recipient. If, following the Void Date of the Claimants checks issued pursuant to Paragraph 10 of the Agreement, there remains any uncashed checks or undistributed funds, those funds will be distributed to the Chicago Law and Education Foundation as a cy pres award and shall be distributed by the Settlement Administrator within 30 days following the last Void Date.

19. The Court has granted the Plaintiff's Motion for Attorney's Fees [ECF No. 207] and ordered the Defendants to pay the Plaintiffs $197,000 in attorney fees.

20. The Court approves Class Counsel's request for an award of $5,000.00 to Mary Mitchell for her damages and as an incentive for representing the Class, which is also paid in addition to the Class Recovery. Based on the Agreement, at least 10 days before the Fairness Hearing the Defendants delivered the award, in the form of a $5,000 check as set forth in Paragraph 14 of the Agreement, to Class Counsel to be held in trust until the effective date of the Agreement. The award is to be delivered by Class Counsel to Plaintiff Richard Mitchell, on behalf of Mary Mitchell for her damages and as an incentive for representing the Class.

21. The claims of the Plaintiffs and the Class are dismissed with prejudice and without costs.

SO ORDERED on April 14, 2020.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT